387 F.2d 150
 David W. BROWN, private E-2 RA 11 797 464, Appellant,
v.
Hon. Robert S. McNAMARA, Secretary of Defense, Hon. Stanley
R. Resor,Secretary of the Army, Major General John M.
Hightower, Commanding General,U.S. Army Training Center,
Infantry, U.S. Army, Fort Dix, New Jersey,Appellees.
 No. 16454.
 United States Court of Appeals Third Circuit.
 Argued Oct. 5, 1967.
Decided Nov. 24, 1967.
 
 Melvin Wulf, Legal Director, American Civil Liberties Union, New York City (Marvin M. Karpatkin, Eleanor H. Norton, New York City, Emerson L. Darnell, Mount Holly, N.J., on the brief), for appellant.
 Wilbur H. Mathesius, Asst. U.S. Atty., Trenton, N.J. (David M. Satz, Jr., U.S. Atty., Newark, N.J., on the brief), for appellees.
 Before STALEY, Chief Judge, and MARIS and VAN DUSEN, Circuit Judges.
 OPINION OF THE COURT
 VAN DUSEN, Circuit Judge.
 
 
 1
 This appeal concerns the jurisdiction of the Federal Courts over persons in the military service.[1] The case is before the court on appeal from an order of the District Court denying a petition for a writ of habeas corpus, requesting the discharge of appellant from the Army on the grounds of his being a conscientious objector. Appellant (Private David W. Brown) voluntarily enlisted in the Army. The petition alleges that his religious beliefs 'crystalized' two weeks after beginning his basic training at Fort Dix, New Jersey, and he refused to proceed further with combat training.
 
 
 2
 Army Regulations (AR 635-20) provided a procedure for people in Private Brown's position to request discharge from the Army on the grounds of conscientious objection. Private Brown submitted the required forms, together with the required documentation, and complied fully with the procedure, including the Chaplain's and psychiatrist's reports. This internal Army regulation was adopted pursuant to a Defense Department directive designed to establish uniform procedures in all branches of the Armed Services for considering discharge requests on the grounds of conscientious objection (DOD No. 1300.6). The administrative system contemplated by the Defense Department and enacted by the Army regulation is fairly detailed. But in general terms it provides for a 'discretionary' discharge, consistent with the national policy of not inducting conscientious objectors. Since members of the Armed Forces are involved, however, such discharge requests will be recognized only 'to the extent practicable and equitable.' Certain guidelines and rules are given for exercising this discretion, including: the claimed objection cannot stem from beliefs existing before entering the Armed Forces; each service's headquarters will decide, after consideration of the peculiar circumstances of the case; great care should be used to insure the sincerity of the claim; the same standards used by the Selective Service System for pre-induction claims should be used (an advisory I-O classification from the Selective Service will be a normal prerequisite for discharge, particularly where the applicant has less than two years of service); and no absolute objective measurements can be applied across the board. The procedure suggested allows for assignment to non-combatant duties in certain cases and the Army regulations provide for assignment to duties providing the minimum conflict with professed religious beliefs pending final decision on an application for discharge.
 
 
 3
 Private Brown's application did not receive a favorable advisory classification of I-O (or I-A-O allowing a non-combatant assignment) from the Director of Selective Service, despite several letters submitted on his behalf from outside sources attesting to his religious convictions. Both the Chaplain's report and the Commanding Officer's recommendation of disapproval made reference to Brown's contact with pacifist organizations and persons, and both concluded that his beliefs were based upon these contacts, as opposed to religious convictions. Based on this recommendation, the documents attached to the application, and the Selective Service opinion, the Adjutant General denied discharge and, accordingly, Private Brown was ordered to draw combat training equipment. Brown refused. After hearing by a Special Court Martial and suspension of his sentence by the reviewing officer, a second refusal to obey orders led to new charges. Instead of convening a second court martial, suspension of the original sentence of three months' confinement at hard labor was vacated and Brown was ordered into confinement.[2] The petition for a writ of habeas corpus followed, alleging that Brown was being held in violation of his rights. In general terms, appellant alleged that the Army violated its own procedure, made an incorrect determination of Brown's conscientious objector status, and followed an administrative procedure that denied Brown constitutionally required procedural and substantive due process, as well as equal protection of law.
 
 
 4
 The lower court denied any relief by way of habeas corpus, finding no constitutional infirmity in the administrative procedure used by the Army and no jurisdiction to review their factual determination under that procedure. We agree with the excellent opinion of Judge Lane on the issue of procedural due process.[3] Regardless of the constitutional underpinnings of the right to classification as a conscientious objector, it is perfectly rational and consonant with constitutional concerns, including the separation of powers, to regard voluntarily enlisted servicemen as a distinct class from inducted civilians or servicemen in general discharged to civilian life. We threrfore affirm the conclusion 'that the administrative scheme set up by the Department of Defense and the Army does not of itself result in any constitutional violation.' See Brown v. McNamara, supra, at 691.
 
 
 5
 Inherent in this conclusion and our approval is a decision that the Federal Courts have jurisdiction to make this review of procedural due process just as they would if the question were one of statutory construction. E.g., Harmon v. Brucker, 355 U.S. 579, 581-582, 78 S.Ct. 433, 2 L.eD.2d 503 (1958).
 
 
 6
 We do not decide, however, that as a general proposition the Federal Courts lack jurisdiction to review the substantive elements of this military procedure for discharging conscientious objectors. More specifically, we do not hold that a Federal Court has no jurisdiction, no matter how arbitrary military action might be, to grant habeas corpus relief to an enlisted member of the Armed Forces who applies for discharge as a conscientious objector after commencing his active service. With this view of our jurisdiction, we reject the appellant's petition on the basis of our examination of this particular record.[4]
 
 
 7
 Whether or not our review of the question of substantive due process which may be presented in any case of a person voluntarily enlisted in military service is as broad as or limited to the 'basis in fact test,' Estep v. United States, 327 U.S. 114, 122-123, 66 S.Ct. 423, 90 L.Ed. 567 (1946); United States v. Seeger, 380 U.S. 163, 185, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965), or whether an indispensable prerequisite to our exercise of jurisdiction is always the complete exhaustion of military remedies, Gusik v. Schilder, 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146 (1950),[5] we need not decide in this case.
 
 
 8
 The present record contains sufficient evidence to show that the Adjutant General's denial of discharge for reasons of conscientious objection was not arbitrary, or capricious, or irrational.[6] We draw specific attention to the advisory opinion of the Director of Selective Service, to the full compliance of the Army with AR 635-20, to the requirements in DOD 1300.6 that claims will be recognized 'to the extent practicable and equitable' and that claims will not be entertained if the conscientious objector's beliefs existed prior to entering the Armed Forces, to the fact that Private Brown made his claim two weeks after beginning basic training (six weeks after enlisting), to the statement of the Brigade Chaplain that 'I am of the opinion that his beliefs, though sincere, are based on contacts he has had with Pacifistic Organizations and individuals rather than on Religious Convictions,' and to the opinion of the Commanding Officer that Private Brown's beliefs were 'mainly based on readings and influences made upon him by persons practicing pacifist policies, not on religious beliefs.'[7]
 
 
 9
 Such factors constitute a sufficient basis for the Army's decision within the guidelines of DOD 1300.6. In this posture, Private Brown's petition presents no claim sufficiently unique, nor does his position show such injustice, that we are compelled to interfere in whatever internal avenues of appeal are available to him within the Army.
 
 
 10
 For these reasons, the petitioner is not now entitled to a writ of habeas corpus and we will affirm the decision of the court below.
 
 
 11
 STALEY, Chief Judge (concurring).
 
 
 12
 In concur in the affirmance of the district court's denial of the writ. I also agree with the majority opinion insofar as it affirms the finding of the district court that the administrative procedure used by the Army did not deny the appellant procedural due process. However, I agree with the district court's conclusion that federal courts should refuse to accept subject matter jurisdiction to pass on the factual adequacy of the Army's decision. 263 F.Supp. at 692-693. As stated in the opinion below, the exercise of such jurisdiction has properly been held to be unduly disruptive of the operation of the armed forces, and contrary to the doctrine of the separation of powers. Orloff v. Willoughby, 345 U.S. 83, 93-94, 73 S.Ct. 534, 97 L.Ed. 842 (1953); Harmon v. Brucker, 243 F.2d 613, 619 (C.A.D.C., 1957) rev'd on other grounds, 355 U.S. 579, 78 S.Ct. 433, 2 L.Ed.2d 503 (1958).
 
 
 13
 MARIS, Circuit Judge (concurring in part and dissenting in part).
 
 
 14
 I concur with the opinion of the court in holding that the federal courts have power to review the substantive elements of the military proceedings under which Brown was denied discharge from the Army as a conscientious objector. But I cannot agree that upon such review the denial of his discharge must be upheld. For I think that the military authorities made a basic error in concluding that the fact that Brown's pacifist beliefs were based on contacts with or influences made upon him by pacifist persons and organizations was evidence that they were necessarily not religious beliefs. Quite the contrary may very well have been the case. For it can hardly be denied that the pacifist position of opposition to war stems from the Divine commands not to kill but to love one's enemies and that through the centuries most of those who have taken the pacifist position have done so on the basis of their religious beliefs. Indeed recognition of this fact is the basis of the exemption from military service and training which is granted by the Selective Service Act to conscientious objectors. As to the broad meaning of religious belief in this connection see United States v. Seeger, 1965, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733.
 
 
 15
 It is true, of course, that there are pacifists who are motivated solely by political, sociological or philosophical views. But it is quite erroneous to assume, as the military authorities did in Brown's case, that pacifist persons are necessarily not religiously motivated and that organizations supporting the pacifist position are necessarily organized and led by persons whose pacifist views stem from other than religious conviction, and to conclude from that assumption that the contacts with Brown and influences upon him by such persons and organizations did not involve religious grounds of opposition to war. On the contrary I believe it to be a fact that in this country most pacifists are religiously motivated, as the Seeger case defines such motivation, and that most organizations supporting the pacifist position are largely composed of and led by individuals so motivated. The military authorities had before them no evidence as to the actual basis of the pacifist beliefs of the persons and organizations with which Brown was in contact or as to the nature of the views which they expressed to him. Since their erroneous assumption that these must necessarily have been non-religious infects the whole record and obviously influenced their decision, I would reverse.
 
 
 
 [1]
 The background of this case is set out in considerable detail in the able opinion of Judge Lane: Brown v. McNamara, 263 F.Supp. 686 (D.N.J.1967)
 
 
 [2]
 At oral argument, counsel for appellant indicated that Private Brown again refused to obey orders after his three-month sentence and thus incurred another court-martial sentence, 18 months at hard labor, to be served at Fort Leavenworth, Kansas. No good reason has been shown why transfer of petitioner-appellant Brown from Fort Dix should be restrained, as orally requested by this counsel at argument. It is noted that no written motion for such extra relief has been presented
 
 
 [3]
 Brown v. McNamara, supra. We use the dichotomy of 'procedural' and 'substantive' due process in this case only to help emphasize what we do and do not decide on this appeal. We realize fully that the distinction is not always a clear line and may well break down under certain circumstances
 
 
 [4]
 Such concerns as interference with the military are not irrelevant or necessarily of slight importance. See Warren, The Bill of Rights and the Military, 37 N.Y.U.L.Rev. 181, 197 (1962)
 
 
 [5]
 See, also, Beard v. Stahr, 370 U.S. 41, 82 S.Ct. 1105, 8 L.Ed.2d 321 (1962). Claimed 'conscientious objector' status can always be raised as a defense to prosecution for refusing to obey orders. From any judgment or sentence, comprehensive appeal is available. 10 U.S.C. 817, 859-876. This includes resort to a board of review (10 U.S.C. 866), to the Court of Military Appeals (10 U.S.C. 867), to the Secretary of the Army (10 U.S.C. 874), and petition for a new trial (10 U.S.C. 873). Appellant has not pursued all these available remedies. On this record, we are unwilling to expand the principle of Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), in order to assure for appellant determination of any constitutional issues without exposure to court martial proceedings. See Noyd v. McNamara, 378 F.2d 538, 540 (10th Cir. 1967). Counsel for appellant have referred us to the case of United States v. Taylor, No. CM413709 (Board of Review, U.S. Army, October 24, 1966), where conscientious objection was deemed no defense to a refusal to obey orders and thus evidence on the determination of a claim as a conscientious objector was held properly excluded. We do not have the record in this case and note that this case is not a determination by the highest Army appellate authority
 
 
 [6]
 See Burns v. Wilson, 346 U.S. 137, 142-143, 73 S.Ct. 1045, 1049, 97 L.Ed. 1508 (1953), where the court noted in an analogous situation:
 'For the constitutional guarantee of due process is meaningful enough, and sufficiently adaptable, to protect soldiers-- as well as civilians-- from the crude injustices of a trial so conducted that it becomes bent on fixing guilt by dispensing with rudimentary fairness rather than finding truth through adherence to those basic guarantees which have long been recognized and honored by the military courts as well as the civil courts.'
 
 
 [7]
 It is noted that in his application for discharge, appellant included under 'Pacifist Training': personal contact with professed pacifists, reading of literature from SANE and the World Federalists, contacts with peace groups at Yale, including 'Alternative' and 'Americans for Reappraisal of Far Eastern Policy,' and reading the beginning of MacLuham, Understanding Media: The Extension of Man. Although, as stated above, we do not here decide the applicability of the 'basis in fact' test to classification of enlistees after entering active service, this case does fulfil the requirements under the test suggested in Dickinson v. United States, 346 U.S. 389, 396, 74 S.Ct. 152, 98 L.Ed. 132 (1953), there being a showing that the Army's finding was supported by 'some affirmative evidence,' and the requirements suggested in United States v. Seeger, supra, 380 U.S. at 179-180, 85 S.Ct. at 861, since the record contains affirmative evidence that the appellant's opposition to military service was not 'based on grounds that can fairly be said to be 'religious."
 It is also noted that the Commanding Officer believed that 'prior to his enlistment into military service, and since * * * (that time) Brown has been subjected to reading numerous papers and pamphlets concerning the 'Pacifist Program' currently being demonstrated in this country.' As pointed out above, conscientious objector beliefs existing prior to entry into the Armed Forces are not grounds for discharge under AR 635-20.