John William GANN, Petitioner,

v.

Keene N. WILSON, Commanding Officer, USASA Field Station, Two Rock Ranch Station, Petaluma, California; et al., Respondents.

Civ. No. 49180.

United States District Court
N. D. California.

July 9, 1968.

Charles H. Clifford, Richard L. Goff and Stephen V. Bomse, San Francisco, Cal., for petitioner.

Cecil F. Poole, U. S. Atty., for the Northern District of California, by Jerry K. Cimmet, Asst. U. S. Atty., for respondents.

## ORDER

SWEIGERT, District Judge.

This is a petition for a writ of habeas corpus by an enlisted member of the United States Army brought pursuant to 28 U.S.C. § 2241.

On May 1, 1968 petitioner filed his petition and a memorandum of points and authorities, and on May 2, 1968 this court issued an order to show cause. On May 3, 1968, petitioner filed his affidavit, the affidavit of Albert J. Zabala, S. J., and the deposition of Captain Leonard P. Teofilak. On May 17, 1968, respondents filed their return and Exhibits A–F (consisting of applicable regulations, the record of petitioner's request for discharge, and the affidavit of Lt. Col. Norman D. Selby). On May 22, 1968, petitioner filed a reply memorandum and the affidavit of Father Kenneth Bubb, and a hearing was had on the order to show cause, at which time argument was heard and the case submitted on the above record.

The facts shown by the record are substantially as follows: That on September 13, 1965, petitioner enlisted in the United States Army for a term of four years; that he subsequently came to the conclusion that he was conscientiously opposed to war in any form; that on December 27, 1967 petitioner applied for release from active duty as a conscientious objector; that on March 21, 1968, petitioner's application for discharge was disapproved; and that petitioner is presently awaiting court-martial trial for refusing to wear his uniform and for disobeying a lawful order.

With respect to petitioner's request for discharge as a conscientious objector, the record more particularly shows that after petitioner filed his application, he was counseled concerning possible loss of veteran's benefits (Ex. E. 24); that petitioner was interviewed by Major Paul J. Bailey, post chaplain at Two Rock Ranch Station, Petaluma, California, and Major Bailey submitted his report on January 18, 1968 (Ex. E. 19); that a report of psychiatric evaluation of petitioner, previously made by Captain Andrew G. Lefko of Letterman General Hospital on September 28, 1967, was submitted (Ex. E.20–22); that petitioner's company commander, Captain Leonard P. Teofilak, recommended approval of petitioner's application on January 16, 1968 (Ex. E.11); that petitioner's station commander recommended disapproval of the application on January 19, 1968 (Ex. E.11); that the commander of USASA recommended disapproval of petitioner's application on January 23, 1968 (Ex. E.12); that the Adjutant General, Department of the Army, requested an advisory opinion from Selective Service, and by letter dated March 19, 1968 the Director of Selective Service advised that petitioner would not be classified as a conscientious objector if he were being considered for induction at that time (Ex. E. 26, 27); and that on March 21, 1968, after Headquarters, Department of the Army, had reviewed petitioner's application and the above reports and recommendations, it issued a notice of disapproval of the application, stating that the evidence failed to meet the criteria for separation (Ex. E.1).

Respondents make four jurisdictional arguments at the threshold of this case: (1) that petitioner is not in custody within the meaning of 28 U.S.C. § 2241; (2) that only the Secretary of the Army has the power to release personnel; (3) that the court lacks subject matter jurisdiction to interfere with or review the denial of petitioner's discharge; and (4) that petitioner has failed to exhaust administrative remedies, such as trial by court-martial and petition to the Army Board for Correction of Military Records.

■ However, recent case authority indicates that an enlisted member of the Armed Forces on active duty is in custody within the meaning of 28 U.S.C. § 2241 (Crane v. Hedrick, 284 F.Supp. 250 (N.D.Cal.1968); Hammond v. Lenfest, 398 F.2d 705 (2d Cir. 1968); Brown v. McNamara, 387 F.2d 150 (3d Cir. 1967) (cert. denied Brown v. Clifford, 390 U.S. 1005, 88 S.Ct. 1244, 20 L. Ed.2d 105 (April 2, 1968)); and that federal courts have jurisdiction to review the denial of an application for discharge as a conscientious objector, and to order the military authorities to release a member of the Armed Forces denied discharge as a conscientious objector when there is no basis in fact to support the denial, or the denial is arbitrary or capricious (Crane v. Hedrick, supra; Hammond v. Lenfest, supra; Brown v. McNamara, supra).

■■ Furthermore, it has been held that the doctrine of exhaustion of administrative remedies will not be applied to require a member of the Armed Forces, who has applied for and been denied discharge as a conscientious objector, to first raise his constitutional claims of wrongful detention as a defense in a court-martial proceeding before seeking habeas corpus relief. Crane v. Hedrick, supra; Hammond v. Lenfest, supra. Neither is it necessary for him to petition the Army Board for Correction of Military Records before seeking judicial relief from action taken by the Department of the Army which he claims to be arbitrary, and which by Department of Defense Directive 1300.6 is made final. Ogden v. Zuckert, 111 U.S. App.D.C. 398, 298 F.2d 312 (1961); Girault v. United States, 135 F.Supp. 521, 133 Ct.Cl. 135 (1955).

Although petitioner claims five separate grounds for habeas corpus relief, petitioner's essential claim for relief, and the only claim which the court finds meritorious, is that the denial of petitioner's request for discharge is unsupported by any basis in fact.

The affidavit of Lt. Col. Norman D. Selby (Ex. F.) states that petitioner's application was disapproved because his "objection to participation in war was based not upon religious training and belief, but rather essentially upon his own personal moral and philosophical views," and it "did not, therefore, meet the criteria for separation".

The court notes that the Army did not deny petitioner's request on the ground that it was not practicable and equitable to grant it (a permissible ground for denial under DOD Directive 1300.6 IIIB). Rather, the Army based its denial of petitioner's request solely upon the ground that his objection to participation in war was not based upon religious training and belief, but upon his own personal moral and philosophical views.

■ AR 635–20 3.b.(3) (which implements DOD Directive 1300.6 IV) provides that requests for discharge will not be entertained when based on essentially political, sociological, or philosophical views, or on a merely personal moral code. Therefore, the ground stated for disapproval of petitioner's application is a permissible one. Therefore, the only remaining question is whether the record before the Army (Ex. E.) contains a basis in fact to support the ground stated for disapproval.

DOD Directive 1300.6 IIIF states that the standards used by the Selective Service System in determining conscientious objector status of draft registrants prior to induction are considered appropriate for application to cases of servicemen who claim conscientious objection after entering military service. The Supreme Court in United States v. Seeger, 380 U.S. 163, at 174, 85 S.Ct. 850, at 858, 13 L.Ed.2d 733 (1965) defined religious beliefs for purposes of pre-induction claims of conscientious objection by draft registrants as follows:

Some believe in a purely personal God, some in a supernatural deity; others think of religion as a way of life envi-

sioning as its ultimate goal the day when all men can live together in perfect understanding and peace.

■ Upon reading Exhibit E, particularly petitioner's statements about the nature and extent of the bases for his conscientious objection to war, the court finds that although petitioner frequently refers to the present Vietnam conflict in explaining his beliefs, there is no basis in fact for finding his convictions are based "essentially upon his own personal moral and philosophical views". Rather, the court finds that petitioner's conscientious objection to participation in war is based upon religious training and beliefs, as that term is defined by the Supreme Court in *Seeger*, supra. The following passages from his application are illustrative of the religious nature of petitioner's convictions:

Christ died for us on the Cross because we sinned greatly against God. The Revelation has shown that we can be forgiven our sins. However, each time we commit a sin against God, Christ is being crucified by us, the sinners. All sins are against the love of God, or man since God is in all men. If I do not sin against the love of man, I will not sin against God. Without sinning against the love of man, I have been able to take Christ from the Cross and have Him by my side. Living true to the guidelines of the teachings of Christ, as a conscientious objector, I may keep Christ by my side. This is PEACE. * * * (Ex. E.4)

I respect everyone and everything God has placed upon Earth. * * * I respect the God-given rights of all men. Since I respect these rights, I have no justification for taking another man's life. In taking this life, I am committing a mortal sin against love which places Christ upon the Cross. I have neither the right to deprive anyone of his freedom to live, which God gave him, nor the right to crucify Christ. * * * (Ex. E.5)

If I were to continue serving my nation as a soldier, it would be impossible to serve God. * * * (Ex. E.6)

By wearing the uniform here in America or in Germany, I have allowed the Department of the Army to send one more man to Viet Nam as my proxy. This weighs very heavily on my conscience, and I have prayed for these men. * * * (Ex. E.17). There is only one person I have to answer to—God. I cannot continue to be a soldier, an endorser of and participant in killing, if I am ever to receive His Blessings. (Ex. E.18).

It should be noted at this point that petitioner's sincerity in his claim of conscientious objection is unquestioned. Indeed, Major Bailey, the post chaplain, commented in his report (Ex. E.19): "PFC Gann is unquestionably sincere in his conviction. He lacks sufficient insight and knowledge as yet to express his conviction clearly and rationally, but this does not detract from the strength and validity of his conviction".

■ A denial of a request for discharge on grounds of conscientious objection that has no basis in fact is a denial of due process. Crane v. Hedrick, supra. See Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953), and Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946).

For the reasons stated above, it is the order of this court, subject to the stay to be specified, that John William Gann's petition for habeas corpus is granted, and that, being illegally restrained of his liberty, he be discharged from the custody of the United States Army and from the custody of respondents.

The effect of this order is stayed until July 19, 1968, to allow the respondents, should they choose to do so, to seek a further stay from the Court of Appeals for the Ninth Circuit.