In the Matter of John Thomas KELLY, Petitioner.

Misc. No. 1148.

United States Court of Appeals
Fifth Circuit.

Aug. 30, 1968.

Thomas M. Bergstedt, Lake Charles, La., for appellant.

Before WISDOM, COLEMAN, and GODBOLD, Circuit Judges.

PER CURIAM:

Petitioner seeks summary relief from denial by the district court of a writ of habeas corpus and of an application for a stay of a general court-martial now set for September 3, 1968 at which he is to be tried on charges of wilful disobedience of a superior officer. The disobedience is alleged to have occurred on July 9, 1968. Petitioner was inducted February 28, 1968.

The crux of the petition below, and of the petition to this court, is that the Army has failed to properly make available to petitioner his right to apply for discharge as a conscientious objector under Army Regulation 635–20 and that after he did file his application (on or about June 4, 1968) the Army frustrated and failed to promptly process and grant his application, all in violation of the Army's own regulations and of requirements of administrative due process.

The district court denied relief but retained jurisdiction so that if after exhaustion of military remedies petitioner is not satisfied that the military courts "dealt fully and fairly" with his allegations [1] appropriate federal judicial relief will be available.

Regulation 635–20, filed with this court as an exhibit, dated May 27, 1968, reaches conscientious objection developed subsequent to entry into the military service. It excludes from its scope requests for discharge based solely on conscientious objection which existed but was not claimed prior to induction or was claimed and denied by the Selective Service System prior to induction. An amendment issued on or about July 18, 1968, states that consideration will be given to claims of conscientious objection growing out of experiences prior to entering military service but which did not become fixed until entry into the service.[2] Such record as is presented to us tends to show (although we make

1. Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508 (1952).

2. For a history of adoption by the Department of Defense of procedures permitting the discharge of military personnel who have become conscientious objectors after entering the sevice, see Hammond v. Lenfest, 2d Cir. 1968, 398 F.2d 705.

no finding on a necessarily fragmentary record that this occurred) that before induction petitioner presented a claim of conscientious objector status to his draft board but only after receiving notice of induction.

In recent cases two circuits have taken differing positions on the necessity of exhaustion of the procedures of the military justice system by the habeas petitioner who is in the military service and claims that he is entitled to a discharge under regulations analogous to those here involved. In Noyd v. McNamara, 267 F.Supp. 701 (D.Colo.), aff'd 378 F. 2d 538 (10th Cir.), cert. denied 389 U.S. 1022, 88 S.Ct. 593, 19 L.Ed.2d 667 (1967), the Tenth Circuit considered the courts were without jurisdiction to entertain the suit pending exhaustion of military justice procedures. In Hammond v. Lenfest, supra, the Second Circuit, in a 2–1 decision, rejected *Noyd* and went the other way.

■■■ We agree with the statement of Judge Friendly, dissenting, in *Hammond:*

The tension between "proper regard for habeas corpus, 'the great writ of liberty'" and "the duty of civil courts to abstain from intervening in matters constitutionally committed to military justice" inevitably "raises questions of great delicacy and difficulty." Burns v. Wilson, 346 U.S. 137, 148, 73 S.Ct. 1045, 1052, 97 L.Ed. 1508 (1953) (Mr. Justice Frankfurter).

398 F.2d p. 718. But we view the requirement of exhaustion as did the majority in *Hammond.* We consider it to be based on principles of comity and not as an imperative limitation of the scope of federal habeas corpus power. A petitioner's application for discharge as a conscientious objector under the regulations could be facially so convincing, and the factual allegations of withholding or frustration of the right to seek discharge could so clearly present constitutional issues crying out for judicial scrutiny, that the military should, as a minimum, be required to show cause why a writ should not be issued.

In *Hammond* the court remanded the case to the district court for findings on whether there was any basis in fact for the denial by the Navy of petitioner's application for discharge as a conscientious objector. No court martial or military justice procedures were pending. The petitioner's application for discharge had been processed and denied. It showed that three years after petitioner entered the service he became a member of the Society of Friends, a religious body accepted as adhering to a pacifist interpretation of the scriptures. The record in that case "does not contain a scintilla of evidence challenging the sincerity or depth of Hammond's conscientious objector beliefs or that these beliefs ripened after he entered the service" 398 F.2d p. 717. See also Crane v. Hedrick, N.D.Cal.1968, 284 F.Supp. 250, in which the application for discharge of petitioner as a conscientious objector had been denied with no basis in fact for the denial.

■■■ The petitioner before us has not shown that this case is one calling for exercise by the district court, or by this court, of habeas corpus power. Petitioner's claims may be presented in the channels of the military judicial system. "The military courts, like the state courts, have the same responsibilities as do the federal courts to protect a person from a violation of his constitutional rights." Burns v. Wilson, supra, 346 U.S. at 142, 73 S.Ct. at 1048, 97 L.Ed. at 1515. We are unwilling to presume in this case that the military courts will not fully and fairly consider the claims by petitioner of the violation of his constitutional rights and of failure of the Army to abide by its own regulations.

The petition for summary relief is denied.