Jon Taylor SCOFIELD, Plaintiff,

v.

The UNITED STATES of America, the Secretary of Defense of the United States of America, and Delwood E. Lashbrook, Defendants.

Civ. No. 756–68.

United States District Court
D. Puerto Rico.

March 31, 1969.

Stanley L. Feldstein, San Juan, P. R., for plaintiff.

Charles E. Figueroa, Asst. U. S. Atty., San Juan, P. R., for defendants.

## MEMORANDUM AND ORDER

CANCIO, Chief Judge.

This action seeks to enjoin defendant from proceeding before an administrative discharge board, pursuant to 28 U.S.C. §§ 1343, 1361, 2201; 5 U.S.C. §§ 702, 703, and Rule 65, Federal Rules of Civil Procedure.

Plaintiff is an enlisted member of Fleet Composite Squadron 8 (VC–8), presently stationed and serving at the United States Naval Station at Roosevelt Roads, Puerto Rico. Defendant, Delwood E. Lashbrook, is the commanding officer of the aforementioned Fleet Composite Squadron.

On or about September 20, 1968, an investigation of the plaintiff was commenced by the Office of Naval Intelligence, which resulted in a written report dated October 22, 1968. Said report was transmitted by the commanding officer of the United States Naval Investigation Service Office in San Juan, Puerto Rico, to the commanding officer of Fleet Composite Squadron 8.

On or about October 31, 1968, said commanding officer caused the plaintiff

to be notified that he would be subjected to possible non-judicial punishment for violation of Article 134 of the Uniform Code of Military Justice, on the charge of having possessed the drug popularly known as marijuana.

Plaintiff, through his attorney, informed said commanding officer at that time that he did not want to submit to non-judicial punishment since it did not afford him the right to confront and cross-examine the witnesses against him; that it would not constitute a bar to subsequent punishment or trial; and that the procedure did not accord with the requirements of due process.

On or about November 8, 1968, said commanding officer did cause the plaintiff to be informed that an administrative discharge board, pursuant to Article C–10313 of the Bureau of Personnel Manual (32 C.F.R. 730.15), would be convened to consider the plaintiff for an administrative discharge, which could be under conditions other than honorable, as the plaintiff had been charged with the possession of marijuana.

In addition, plaintiff's attorney was informed that no witnesses would be presented before said administrative discharge board, that there was no power of subpoena with respect to any witnesses, and that the evidence against the plaintiff would consist of the written investigation report dated October 22, 1968.

In his complaint, plaintiff alleges that the above mentioned discharge procedure is in violation of the rights guaranteed to him by the Fifth and Sixth Amendments to the Constitution of the United States.

The plaintiff prays this Court to enjoin the defendants from proceeding to hold the hearing before the administrative discharge board as aforesaid. He does not, however, seek to enjoin the defendants from taking any action against him. Allegedly, this action seeks a declaratory judgment from this Court to the effect that plaintiff is entitled to the benefit of his constitutional guarantees, and an order enjoining defendants from

proceeding in disregard of these rights. It is further alleged that if the plaintiff is accorded the same privileges and immunities as would be available in a court martial, he is willing to proceed.

An order to show cause and temporary restraining order was issued. On November 22, 1968 a hearing was held on the order to show cause.

Defendants moved to dismiss on the grounds that the plaintiff has not exhausted all of the administrative remedies available to him, and that plaintiff's action is premature. In addition, defendants characterize the plaintiff's rights before the administrative discharge board as follows:

> [T]he respondent is entitled to a Field Board composed of not less than three officers, he is entitled to be represented by certified counsel, to appear in person before said Board with his counsel, to cross examine witnesses, to call witnesses in his own behalf, and to testify or submit statements in his own behalf. In addition to representation by certified counsel free of charge, the respondent is also entitled to appear with a civilian lawyer of his own choosing and at his own expense.

■ The Court has jurisdiction over the subject matter. Harmon v. Brucker, 355 U.S. 579, 78 S.Ct. 433, 2 L.Ed.2d 503 (1958); Brown v. McNamara, 387 F.2d 150 (3 Cir. 1967); Nelson v. Miller, 373 F.2d 474 (3 Cir. 1967); Sohm v. Fowler, 124 U.S.App.D.C. 382, 365 F.2d 915 (1966); Schwartz v. Covington, 341 F.2d 537 (9 Cir. 1965); Ogden v. Zuchert, 111 U.S.App.D.C. 398, 298 F.2d 312 (1961); Reed v. Francke, 297 F.2d 17 (4 Cir. 1961). It is inherent in these analogous cases, to paraphrase Brown v. McNamara, supra, 387 F.2d at 152, that the Federal Courts have jurisdiction to review procedural due process, just as they would if the question were one of statutory construction, and as was held in Reed v. Francke, supra, 297 F.2d at p. 21:

> We conclude that, where there is a substantial claim that prescribed mili-

tary procedures violate one's constitutional rights, the District Courts have jurisdiction to resolve the constitutional questions. [Citations omitted.]

The issues, thus, become whether and how the Court's jurisdiction should be exercised.

At the center of the controversy presented herein is the procedure to be used by the Administrative Discharge Board. Plaintiff and defendant have presented diametrically opposite views as to the procedural rights afforded. A careful study of the administrative discharge procedure, 32 C.F.R. 730.15 et seq., casts some doubts as to whether or not plaintiff may exercise the right of cross examining witnesses and the right of calling witnesses.

■ This is self evident should defendant solely rely upon its written report, *supra*, in making its case before the discharge board. Furthermore, the board does not appear to have subpoena power. However it would appear that the case law has disposed of these matters in a way that is favorable to plaintiff. These cases would seem to preclude the use of *ex parte* testimony or reports, and to provide for the rights of confrontation and cross-examination. Williams v. Zuckert, 371 U.S. 531, 83 S.Ct. 403, 9 L.Ed.2d 486; rehearing 372 U.S. 765, 83 S.Ct. 1102, 10 L.Ed. 136 (1963); Greene v. McElroy, 360 U.S. 474, 79 S. Ct. 1400, 3 L.Ed.2d 1377 (1959); Bland v. Connally, 110 U.S.App.D.C. 375, 293 F.2d 852 (1961); Conn v. United States, 180 Ct.Cl. 120, 376 F.2d 878 (1967). The Supreme Court clearly set this forth in Greene v. McElroy, *supra*, at pages 496–497, 79 S.Ct. at pages 1413, 1414:

Certain principles have remained relatively immutable in our jurisdiction. One of these is that where governmental action seriously injures an individual, and the reasonableness of the action depends on fact findings, the evidence used to prove the Government's case must be disclosed to the individual so that he has an opportunity to show that it is untrue. While this is important in the case of documentary evidence, it is even more important where the evidence consists of the testimony of individuals whose memory might be faulty or who, in fact, might be perjurers or persons motivated by malice, vindictiveness, intolerance, prejudice or jealousy. We have formalized these protections in the requirements of confrontation and cross-examination. They have ancient roots. They find expression in the Sixth Amendment which provides that in all criminal cases the accused shall enjoy the right to be confronted with the witnesses against him. This Court has been zealous to protect these rights from erosion. It has spoken out not only in criminal cases, * * * but also in all types of cases where administrative and regulatory actions were under scrutiny.

■ It should be noted that this action presents a somewhat novel situation as plaintiff has not yet been brought before the discharge board. Furthermore, this Court may not presume that the administrative discharge procedures will violate the plaintiff's constitutional rights. This is especially true in light of defendant's description of the rights to be afforded plaintiff, *supra*. Therefore, the injunctive relief must be, and is hereby, denied. However, it should be clear that:

[T]he constitutional guarantee of due process is meaningful enough, and sufficiently adaptable, to protect soldiers —as well as civilians—from the crude injustices of a trial so conducted that it becomes bent on fixing guilt by dispensing with rudimentary fairness rather than finding truth through adherence to those basic guarantees which have long been recognized and honored by the military courts as well as the civil courts. Burns v. Wilson, 346 U.S. 137, 142–143 (1953), 73 S.Ct. 1045, 1049, 97 L.Ed. 1508.

With this in mind, and in light of the holdings in Nelson v. Miller, 373 F.2d 474 (1967), and Sohm ˚v. Fowler, 124

U.S.App.D.C. 382, 365 F.2d 915 (1966), this Court, notwithstanding having denied the injunctive relief sought, will hold the present action in abeyance and maintain jurisdiction pending the final determination of this case through the administrative procedures afforded plaintiff; unless a showing can be made that "special circumstances" exist which would make such a course of action futile.

Wherefore, it is ordered that the preliminary injunction be denied, the temporary restraining order dismissed, and the suit be held in abeyance, this Court maintaining jurisdiction, pending a resolution of the case through the administrative process.

It is so ordered.