415 F.2d 1056
 Michael D. McKENZIE, Appellant,
v.
Col. Paul B. SCHUPPENER, Commandant U.S. Army Missile &
Munitions Center and School, Redstone Arsenal,
Alabama and Stanley Resor, Secretary of
the Army, Appellee-Intervenor.
 No. 28172.
 United States Court of Appeals Fifth Circuit.
 Aug. 18, 1969.
 
 Billy L. Church, F. Don Siegal, Birmingham, Ala., for appellant.
 Macon L. Weaver, U.S. Atty., Birmingham, Ala., John N. Mitchell, Atty. Gen. of U.S., Dept. of Justice, Washington, D.C., for appellees.
 Before BELL, AINSWORTH and GODBOLD, Circuit Judges.
 BELL, Circuit Judge:
 
 
 1
 This matter is presented on a motion for injunction pending appeal. Rule 8, FRAP; 28 U.S.C.A. 1651; United States v. Lynd, 5 Cir., 1962, 301 F.2d 818. Appellant voluntarily enlisted in the Army in February 1967. He is due to be discharged in February 1970. At his request, he was granted non-combatant status in April 1968. He was alerted for shipment to Vietnam in March 1969. Thereupon, pursuant to Army Regulation 635-20, he filed an application to be discharged on the ground that he was a conscientious objector. His application was denied on June 6, 1969.
 
 
 2
 Appellant filed a petition for writ of habeas corpus in the district court on June 24, 1969. On July 8, 1969, the district court dismissed the petition on the basis that appellant had not exhausted the administrative remedy provided under 10 U.S.C.A. 1552[1] to correct military records. Thereafter, appellant, having been ordered to a port of embarkation for shipment to Vietnam, filed notice of appeal and requested an injunction pending appeal to enjoin his overseas deployment. A member of this court granted such an injunction on July 23, 1969 pending consideration of the motion by a panel of the court.
 
 
 3
 The question whether 10 U.S.C.A. 1552 is an applicable administrative remedy under the circumstances, or, if so, whether it must be exhausted, has not been determined by this court. There are cases in other jurisdictions holding that it is not an administrative remedy which must be exhausted for one claiming the conscientious objector status. See United States ex rel. Brooks v. Clifford, D.S.C., 1969, 296 F.Supp. 716, Aff'd 4 Cir., 409 F.2d 700, reh. den., June 25, 1969, 4 Cir., 412 F.2d 1137; and Tobias v. Laird, 4 Cir., July 25, 1969, 413 F.2d 936; Gann v. Wilson, N.D. Calif., 1968, 289 F.Supp. 191. Cf. Sherman, Judicial Review of Military Determination, 55 Va.L.Rev. 483 (1969). In fact, in the case of Hammond v. Lenfest, 2 Cir., 1968, 398 F.2d 705, the court pointed out in footnote 12, p. 713, that:
 
 
 4
 'Because of a change of Department of Justice policy, the government no longer maintains, as it did in the court below, that Hammond's failure to appeal the denial of his request before the Board for Correction of Naval Records constitutes a failure to exhaust administrative remedies.'
 
 
 5
 On the other hand, the Ninth Circuit, in Craycroft v. Ferrall, 9 Cir., 1969, 408 F.2d 587, concluded that this statute was such an administrative remedy and one that must be exhausted prior to seeking judicial relief. That court affirmed the dismissal by the district court of a sailor's petition for injunction, declaratory and habeas corpus relief. We have considered the exhaustion principle in a military conscientious objector context but not with regard to 10 U.S.C.A. 1552. See In re Kelly, 5 Cir., 1968, 401 F.2d 211.
 
 
 6
 The district court here preferred the Craycroft rule and dismissed appellant's petition. This may or may not be a correct decision and the answer must await the ruling of this court. We are not disposed to decide the question on an emergency basis and absent full consideration.
 
 
 7
 This leaves the case in the posture that an injunction pending determination by this court will likely result in appellant avoiding assignment to Vietnam altogether. Some other soldier will be sent in his place. Whether this is a warranted result depends, in our view, on the merits of the case; i.e., was there a basis in fact for the Army's conclusion that appellant did not make out his claim to be a conscientious objector. The merits of the Army's conclusion will probably never be reached, as we see it, because the balance of appellant's enlistment will be consumed in deciding the 10 U.S.C.A. 1552 question. We think that the law has more capability than this.
 
 
 8
 The Justice Department, representing the Army here, simply calls our attention to the conflicting decisions, supra, on the question. No reference is made to the position which was apparently taken in Hammond v. Lenfest, supra, Fn. 12, that the failure to request correction of records did not constitute a failure to exhaust an administrative remedy. There is no mention of the Army following differing exhaustion of remedy practices, depending on the variables of federal court circuits. These questions may go to the management of the Army and the Justice Department. Nevertheless, we are presented with the situation where appellant must go to Vietnam or someone else go in his place. This makes it imperative, we think, that the motion for injunction pending appeal be decided on the merits of the case rather than on the procedural question which forms the basis of this appeal.
 
 
 9
 Under our supervisory power, and due to the peculiar circumstances of this case, we vacate the judgment appealed from and remand the case to the district court for consideration, in the first instance, of the motion for an injunction pending appeal. The district court is directed to review the record made before the Army on the application for conscientious objector status as a basis for the exercise of its discretion on the injunction question. This will place the district court and subsequently this court in position to apply the settled rule of this circuit in granting injunctive relief pending appeal: No such relief is indicated unless there is a great likelihood, approaching near certainty, that appellant will prevail when his case finally comes to be heard on the merits. Greene v. Fair, 5 Cir., 1963, 314 F.2d 200, 202. We treat this rule, under the exigencies of this military status case, as meaning the merits of appellant's conscientious objector claim, and not whether appellant will prevail on the procedural question presented. The record made on the claim before the Army is not before us and apparently was not presented to the district court in the truncated hearing there.
 
 
 10
 The injunction pending appeal heretofore granted will be continued in effect until the matter is heard, as directed, by the district court. The mandate shall issue forthwith. Rule 41(a), FRAP. The district court is directed to give highest priority to this matter on remand.
 
 
 11
 Vacated and remanded with direction.
 
 
 
 [1]
 10 U.S.C.A. 1552:
 (a) The Secretary of a military department, under procedures established by him and approved by the Secretary of Defense, and acting through boards of civilians of the executive part of that military department, may correct any military record of that department when he considers it necessary to correct an error or remove an injustice. Under procedures prescribed by him, the Secretary of the Treasury may in the same manner correct any military record of the Coast Guard. Except when procured by fraud, a correction under this section is final and conclusive on all officers of the United States.