**Louis A. NEGRE, Petitioner-Appellant,**

v.

**Stanley R. LARSEN, Commanding General Sixth United States Army, et al., Respondents-Appellees.**

**No. 24067.**

United States Court of Appeals Ninth Circuit.

Nov. 6, 1969.

**909**

Richard Harrington (argued), of Athearn, Chandler & Hoffman, San Francisco, Cal., for appellant.

Sheldon Deutsch (argued), Asst. U. S. Atty., Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellees.

Before CHAMBERS, KOELSCH, and KILKENNY,* Circuit Judges.

PER CURIAM:

Appellant challenges the validity of the District Court's order denying his peti-

tion for habeas corpus. He was inducted into the United States Army on August 30, 1967. On February 10, 1968, after receiving his basic training, he was ordered to Vietnam. On February 28th, while still in the United States, he started proceedings for separation as a conscientious objector. The proceedings culminated in a finding by Headquarters, Department of the Army, that he did not qualify, under applicable Army Regulations, as a conscientious objector. He has exhausted his administrative remedies.

Simply stated, the issue before us is whether there is a basis in fact for the finding and decision of the Department of the Army. The scope of review in a case such as this is one of "the narrowest known to the law". Bishop v. United States, 412 F.2d 1064 (9th Cir., June 19, 1969). An exhaustive analysis of the record requires us to conclude that there was a basis in fact for the finding that appellant was not entitled to separation from the Army as a conscientious objector under Army Regulation No. 635–30(1) (3).[1]

Our analytical view of the record reveals that appellant has a personal moral code based on his sociological and philosophical views, rather than a conscientious objection to participation in war in any form by reason of religious training and belief. He objects to the war in Vietnam, not to all wars. It was not until he was faced with participation

---

* Hon. John F. Kilkenny was a United States District Judge, sitting with this court by designation, at the time oral argument in this case was heard.

1. "1. *Purpose.* This regulation sets forth the policy, criteria, and procedures for disposition of military personnel who, by reason of religious training and belief, claim conscientious objection to participation in war in any form.

* * * * *

3. *Policy.* a. Consideration will be given to requests for separation based on bona fide conscientious objection to participation in war, in any form, when such objection develops subsequent to entry into the active military service.

b. * * * Requests for discharge after entering military service will not be accepted when * * *

* * * * *

(3) Based on essentially political, sociological, or philosophical views, or on a merely personal moral code.

(4) Based on objection to a particular war.

c. All requests for discharge based on conscientious objections will be considered on an individual basis in accordance with the facts and special circumstances in a particular case."

* * * * *

in the Vietnamese conflict that his beliefs concentrated sufficiently to express an objection. He does not express an objection to the nation's military activities in Korea, Japan, West Germany and other parts of the world. Nor, does he object to what he terms non-combatant duty in the Army in the United States. Clearly, his views are completely inconsistent with an objection to "war in any form". Although he would refuse to act as a medical corpsman in Vietnam, he would serve in essentially the same capacity in the United States. Beyond question, there was a basis in fact for the conclusion of the Department of the Army that appellant did not qualify for separation, as a conscientious objector.

Based on United States v. Sisson, 297 F.Supp. 902 (D.Mass.1969), appellant argues that a denial of conscientious objector classification to him on the ground that his beliefs are purely "personal", as opposed to "religious", denies to him equal protection of the law. We believe that *Sisson* was wrongly decided and decline to follow it.

We affirm.