Dennis OWENS, Petitioner,

v.

COMMANDING GENERAL, Fort Ord, California, et al., Respondent.

No. 52298.

United States District Court
N. D. California.

Dec. 9, 1969.

Stephen J. Perelson, San Francisco, Cal., for petitioner.

Sheldon Deutsch, Asst. U. S. Atty., San Francisco, Cal., for respondent.

## OPINION AND ORDER

GERALD S. LEVIN, District Judge.

Petitioner Dennis Owens is presently a private in the United States Army stationed at Fort Ord, California. He brings this petition for a writ of habeas corpus in order to secure his discharge from military service as a conscientious objector, his application for such classification having been denied by the Army.

Owens did not seek conscientious objector classification until after his entry into the Army. Upon crystalization of his conscientious objector beliefs, Owens made a timely request for discharge pursuant to Department of Defense Regulation [DOD] 1300.6 and Army Regulation [AR] 635–20. Despite ample references from friends and officials of his Methodist Church, and despite favorable recommendations by his base chaplain,[1] the "0–3" hearing officer,[2] and his immediate commanding officer,[3] Owens was denied conscientious objector classification by letter from the Department of the Army dated April 28, 1969.

Owens thereupon appealed to the Army Board for Corrections of Military Records. The Board considered Owens' application on August 27, 1969, and found "insufficient evidence of error or injustice" to warrant granting a formal hearing thereon and proceeded to deny Owens' application for conscientious objector status.[4]

 Recent case law makes it clear that the denial by the Armed Forces of a serviceman's application for discharge as a conscientious objector under DOD 1300.6 and the applicable military regulations may be subjected to judicial review. United States ex rel. Brooks v. Clifford, 409 F.2d 700, 705–706 (4th Cir. 1969) reh. den. 412 F.2d 1137 (4 Cir. 1969); In re Kelly, 401 F.2d 211, 213 (5th Cir. 1968); Hammond v. Lenfest, 398 F.2d 705, 714–716 (2d Cir. 1968); Brown v. McNamara, 387 F.2d 150, 152 (3rd Cir. 1967); Cooper v. Barker, 291 F.Supp. 952, 957 (D.Md.1968); Gann v. Wilson, 289 F.Supp. 191, 193 (N.D. Cal. 1968).[5] By his application to the Army Board for Corrections of Military Records, Owens has exhausted all his

---

1. Assistant Post Chaplain John V. Williams interviewed Owens and made the following report, dated October 4, 1969:
 I have interviewed PVT Dennis Owens, RA 19 884 073, Special Processing Detachment, Presidio of San Francisco, regarding his application for a discharge as a conscientious objector. His reasons as stated were based on religious and philosophical beliefs. The applicant appeared to be sincere in his beliefs and in his refusal to participate in wars of any kind.

2. Captain Merril B. Evenson interviewed Owens and made the following report, dated April 4, 1969:
 The undersigned interviewed PVT Dennis B. Owens in the presence of his civilian attorney as required by AR 635–20. PVT Owens portrays the sincerity of an individual who has the religious conviction that he cannot participate in the Army in any way due to a feeling of providing support to any organization which is directly involved in war. He carries this feeling further in the support of our government

through payment of taxes, etc. Although many of his philosophies and stated beliefs may be considered radical, he appears basically sincere in his professed religious beliefs. Recommend favorable consideration is given for release UP of AR 635–20.

3. Captain Peter J. Deane, Owens' immediate commanding officer, made the following report, dated April 9, 1969:
 * * * * *
 a. Recommend approval because of sincerity of man's beliefs.
 * * * * *

4. Letter from Raymond J. Williams, Executive Secretary, Board for Correction of Military Records, dated September 3, 1969.

5. See also Negre v. Larsen, 418 F.2d 908 (9th Cir. 1969). *But see* Morbeto v. United States, 293 F.Supp. 313, 320–321 (D. Colo.1967) aff'd; Noyd v. McNamara, 378 F.2d 538 (10th Cir. 1967) cert. den. 389 U.S. 1022, 88 S.Ct. 593, 19 L.Ed.2d 667 (1967).

available administrative[6] remedies as required by Krieger v. Terry, 413 F.2d 73, 75–76 (9th Cir. 1969), and can therefore seek the aid of this Court to effect his discharge from the Army as a conscientious objector.

By the letter of April 28, 1969, the Army gave its reason for denying Owens conscientious objector classification, finding that, "Application is based essentially on philosophical views rather than long-standing religious training and belief."[7]

■ We find in the record no factual basis to support the Army's denial of Owens' request for conscientious objector status. While initially the burden was on Owens to show *prima facie* that he was entitled to a conscientious objector classification, once he had done this, the burden should shift to the Army to show something in the record supporting its denial. See United States v. St. Clair, 293 F.Supp. 337, 344 (E.D. N.Y. 1968) and cases cited therein. Denial of a classification *may* rest on

disbelief of the sincerity of the claimant —without other facts—but only if such disbelief is honest and rational. As the court said in United States v. Corliss, 280 F.2d 808, 814 (2d Cir. 1960) with regard to an analogous situation,

[T]o sustain the denial of a claim on a mere *ipse dixit* of lack of sincerity from the Local Board or the hearing officer would create serious possibilities of abuse.

■ The essential test of conscientious objection is sincerity. As the court stated in Witmer v. United States, 348 U.S. 375, 381, 75 S.Ct. 392, 396, 99 L.Ed. 428 (1955), "the ultimate question in conscientious objector cases is the sincerity of the registrant in objecting, on religious grounds, to participation to war in any form." Yet even if the Court were to consider sincerity as a factor in Owens' application for conscientious objector classification, there is no fact whatever pointing to any lack of sincerity on Owens' part, nor did any of the Army personnel interviewing him so find.[8]

---

6. When *Owens* first filed this petition for a writ of habeas corpus he was facing possible court martial proceedings pursuant to being found absent without leave. Counsel for Owens has since informed the Court that such charges were dismissed on October 23, 1968. Therefore we need not reach the Government's contention, already answered negatively in this District by Gann v. Wilson, *supra*, and Crane v. Hedrick, *supra*, that Owens must also exhaust his military judicial remedies by way of raising his denial of conscientious objector classification as a defense in his court martial based on the AWOL charge.

7. AR 635–20 4.h. states:
When a request for discharge is denied, the Adjutant General will furnish the applicant *the reason why* classification as a conscientious objector is not approved. (Emphasis added)

8. Owens' application for conscientious objector classification included, *inter alia*, the following statements:
I am a conscientious objector who is religiously opposed to any and all war. When I say that I am religiously opposed to any and all war, I mean that

I am unable and unwilling to participate in and support—though even in a non-combatant or indirect manner —any war because of the teachings of my church, and the major role that my religion plays in my daily life.
\* \* \* \* \*
I have become totally involved in my religion as a result of the nature of my belief in God. \* \* \* I see myself as a sort of tree, where the roots are really God. He is what is supporting me and giving me life.
\*. \* \* \* \*
I would have to cite the strong religious background I have had as a direct source of my convictions. It was only by learning the basic fundamental principles and beliefs within the Christian church that enabled me to later move on into the unexplored areas of my own ideas. By attending Sunday school and having my mother instill in me a consideration and regard for other people, which is the basis for Christian love, I was able to build a foundation of religious belief and conscientious concern that later enabled me to think about my religion in more personal terms.

■■ The Court is aware that the scope of its review in this matter is among the narrowest known to the law, Bishop v. United States, 412 F.2d 1064, 1068 (9th Cir. 1969); Blalock v. United States, 247 F.2d 615, 619 (4th Cir. 1957), and that it can overturn the denial of the classification here requested only if there is no "basis in fact" for such denial. See Witmer v. United States, supra, 348 U.S. at 381, 75 S.Ct. 392 (1955); Estep v. United States, 327 U.S. 114, 122, 66 S.Ct. 423, 90 L.Ed. 567 (1946).[9]

All of the Army personnel who interviewed Owens found his beliefs to be sincere and saw fit to recommend that he be granted conscientious objector classification. Nor is there anything in Owens' record to indicate that his beliefs are other than what he professed them to be. There may be a basis somewhere to justify the Army's denial of Owens' request, but such basis appears to have its roots in caprice, not fact.

■ Accordingly, it is hereby ordered that Dennis Owens' petition for habeas corpus is granted, and that, being illegally restrained of his liberty, he be discharged from the custody of respondents.

The effect of this order is stayed until December 19, 1969, to allow the respondents, should they choose to do so, to seek a further stay from the Court of Appeals for the Ninth Circuit.

\*　　\*　　\*　　\*　　\*

While in the Army, I began to undergo a metamorphosis from being uncommitted in my attitudes and values in life, to a person who accepts himself for what he is. \* \* \* I came to realize that my presence alone in the Army, which is primarily designed to fight and therefore kill, is at best simply a silent acquiescence and nonverbal support of a way of life I could not allow myself to support.

In my mind there was a wide discrepancy between what I thought in my mind and what I did insofar as my actions were concerned. With myself, should I stand up for what I believed, or should I try to put my beliefs aside temporarily until I fulfilled my military obligation? I came to the conclusion that I could do nothing but stand up for what I thought was right. I could no longer allow myself to believe one way and act another. I thought of myself as a hypocrite and consequently I had lost my self-respect. (Application, Section 2(a), (e) and (b)).

9. These cases state the standard on review of a selective service classification, but the scope of our review is no less restrictive in the case of those who claim conscientious objection after entering the military service. Negre v. Larsen, supra; Bates v. Commander, First Coast Guard District, 413 F.2d 475, 477 (1st Cir. 1969) and cases cited therein. Cf. Speer v. Hedrick, 419 F.2d 804 (9th Cir. 1969).