Scott H. BORTREE, Petitioner,

v.

Stanley R. RESOR, Secretary of the Army,

and

Melvin Laird, Secretary of Defense, Respondents.

No. 65–70.

United States District Court, District of Columbia.

Sept. 4, 1970.

Lawrence Speiser, Washington, D. C., and Sanford Kahn, Philadelphia, Pa., for petitioner.

Thomas A. Flannery, U. S. Atty., Harold H. Titus, Jr., Principal Asst. U. S. Atty., and Oscar Altshuler and John T. Kotelly, Asst. U. S. Attys., Washington, D. C., for respondents.

## OPINION

CURRAN, Chief Judge.

The petitioner, Scott H. Bortree, a private in the United States Army now stationed in Vietnam, filed a petition for writ of habeas corpus on May 15, 1970. He alleges that his detention in the Army is illegal in that the Army unlawfully denied his application for discharge by reason of being a conscientious objector.

Private Bortree voluntarily enlisted in the Army in March, 1969. He was then nineteen years old. He completed basic training and refrigerator equipment repair school. Subsequently he was ordered to report to the Army Overseas Replacement Station at Fort Dix, New Jersey, to await shipment to Vietnam.

On October 28, 1969, seven months after his enlistment, petitioner filed, for the first time, a request for permission to submit an application for discharge as a conscientious objector in compliance with the provisions of Army Regulation No. 635–20. On November 28, 1969, he submitted his formal request for discharge.

In accordance with Army Regulation No. 635–20, the petitioner was interviewed by Captain William W. Erbach, an Army chaplain; Major Paul A. Buttenwieser, an Army psychiatrist; and Captain H. J. Nitko,[1] an officer in the Army who is knowledgeable in policies and procedures relating to conscientious objector matters; and their findings and recommendations were made part of petitioner's application. A second statement by Chaplain Erbach, another one by petitioner and a statement by Chaplain Lawrence Gibbons were also made part of the application.

On April 20, 1970, petitioner's application was disapproved by the Department of the Army Class 1–O Conscientious Objector Review Board, which concluded that the petitioner was not opposed to participation in war in any form.

The scope of judicial review of conscientious objector decisions of the Department of the Army is a sharply limited one, and the Court can only overturn the denial of the classification if there is no basis in fact for such denial.[2]

At this juncture it should be noted that any fact which casts doubt on the veracity of the registrant is relevant in conscientious objector cases.[3] Therefore, the Court cannot and will not close its eyes to the fact that the petitioner voluntarily enlisted into the Army; that he was in the Army for a full seven months before he filed for his conscientious objector status; and that he did not apply for this status until *after* he had received his orders for Vietnam.[4]

---

1. Originally Captain Thomas M. Duszynski had interviewed the petitioner, but he was disqualified by Headquarters, Department of the Army, since he was in the petitioner's chain-of-command.

2. United States ex rel. Sheldon v. O'Malley, D.C.Cir., 420 F.2d 1344; also, Owens v. Commanding General, 307 F.Supp. 285 (N.D.Calif.1969).

3. Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1958).

4. Speer v. Hedrick, 419 F.2d 804 (9th Cir. 1969); also United States ex rel. Scott v. Tillson, 304 F.Supp. 406 (S.D. Ga.1969).

Lending further support to the Review Board's decision are the statements of Chaplain Erbach and Gibbons.

Chaplain Erbach wrote two statements [5] regarding his interview with the petitioner. The first statement contains this assertion:

"He (Bortree) admitted that he was supporting the war through payment of taxes, *that he would be willing to serve in other areas of the world but not in Vietnam*". (Emphasis supplied).

This elicited a statement from the petitioner dated December 18, 1969, in which he asserted that there was a "gross misunderstanding" in the Chaplain's report, and that he felt that he could not serve in any way in any military organization anywhere. In the second statement, Chaplain Erbach explained in detail what prompted him to reach the above-quoted conclusion. The Chaplain quotes, as best he can, the following exchange that occurred during the November third interview:

Erbach: Well, how about if you were still in the States or if you were to go to Germany even, would you serve your time out then?

Bortree: Well, I don't know, I suppose that I wouldn't have been faced with this decision.

Erbach: But what if war was to break out in Germany while you were there?

Bortree: There isn't any there now.

Erbach: I know that but what if you were there when it did?

Bortree: I don't know, I guess I'd have to face that then."

The Court finds that from the above-quoted conversation, it can be deduced that the petitioner would have accepted orders to Germany instead of Vietnam; that he would have served there knowing full well that his presence in that nation meant that another soldier would be filling his place in Vietnam. This negates his contention and affirms the Review Board.

It shall be noted that Chaplain Erbach's second statement states in even stronger language his conviction that the petitioner was not opposed to war in any form and this is buttressed by the statement of Chaplain Gibbons.

Chaplain Gibbons felt that Chaplain Erbach gave a fair and objective treatment of the application and he fully concurred in the conclusion reached. He further states:

"* * * I was present at the interview which prompted this statement [6] by Chaplain Erbach and recall also that at the time the applicant portrayed the belief that had he been asked to serve elsewhere he might not have had to file for a CO discharge".

This Court finds that the statements of the two chaplains; petitioner's voluntary entrance into the Army; the fact that he initially filed his application after serving a full seven months in the Army and did so only after having received orders for Vietnam; more than meet the "basis in fact" test.

This opinion shall constitute findings of fact and conclusions of law.

The rule to show cause shall be discharged and the petition for writ of habeas corpus shall be dismissed.

---

5. The first statement is dated November 3, 1969, and the second is dated February 16, 1970.

6. Supra, page 4.