Private E-3 Vincent AMES, Plaintiff-Appellant,

v.

Melvin R. LAIRD, Secretary of Defense, et al., Defendants-Appellees.

No. 26325.

United States Court of Appeals, Ninth Circuit.

Oct. 13, 1971.

William B. Daniels (argued), Francis Heisler, Charles A. Stewart, Richard M. Silver, Patricia Lane, of Heisler & Stewart, Carmel, Cal., for appellant.

Richard F. Locke, Asst. U. S. Atty., (argued), Robert L. Browning, Jr., U. S. Atty., San Francisco, Cal., for appellees.

Before MADDEN,* Judge of the United States Court of Claims, and MERRILL and WRIGHT, Circuit Judges.

PER CURIAM:

Ames was drafted and inducted into the Army. Shortly after entry onto active duty he applied for a I-O discharge under AR 635-20. His application was denied. He reapplied and his application was again denied.

Having exhausted his administrative remedies, Ames sought habeas corpus in the Northern District of California. The district court denied the writ.

The Army does not question the sincerity of Ames' religious convictions, nor that his beliefs are those of a *bona fide* conscientious objector. The Army's only contention is that Ames' beliefs matured prior to the mailing of his induction order and that his claim thus was waived.

■■ Our review of military determinations is narrowly restricted, indeed it is said to be "the narrowest known to the law." Negre v. Larsen, 418 F.2d 908 (9th Cir. 1969), aff'd sub nom. Gillette v. United States, 401 U.S. 437, 91 S.Ct. 828, 28 L.Ed.2d 168 (1971); Morrison v. Larsen, 446 F.2d 250 (9th Cir. 1971); *cf.* Bishop v. United States, 412 F.2d 1064 (9th Cir. 1969). The only issue before us is whether there was basis in fact in the record for the military determination. Speer v. Hendrick, 419 F.2d 804 (9th Cir. 1969); *cf.* Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L. Ed. 567 (1946).

■ Mindful of the limited nature of our review, we have carefully searched the unique record before us and can find no basis in fact for the military determination that Ames (who never sought a conscientious objector classification from his draft board and who willingly submitted to induction) was a full-fledged I-O before the mailing of his induction order.

There being no basis in fact for the military determination, we reverse. In the event that Ames is not discharged within thirty days, the mandate will issue.

---

* Honorable J. Warren Madden, Senior Judge of the United States Court of Claims, sitting by designation.