Harry F. ARMSTRONG et al., Plaintiffs,

v.

UNITED STATES of America, Robert S. McNamara, Paul H. Nitze, D. K. Ela, Defendants.

Civ. No. 3043–C.

United States District Court
S. D. California, S. D.
July 30, 1964.

Harry F. Armstrong, in pro. per., for plaintiffs.

Francis C. Whelan, U. S. Atty., Donald A. Fareed, Asst. U. S. Atty., Chief of Civil Section, Stephen D. Miller, Asst. U. S. Atty., Los Angeles, Cal., for defendants.

KUNZEL, District Judge.

By his amended complaint, plaintiff seeks to enjoin the United States and the individual defendants, namely: Robert S. McNamara, Secretary of Defense, Paul H. Nitze, Secretary of the Navy, and Captain D. K. Ela, Commanding Officer of the United States Naval Repair Facility, from shutting down the facility at the United States Naval Station, San Diego, California.

Plaintiff alleges he is a service electrician at the repair facility and that his action is a "class" action on behalf of all employees at the facility who are in a like situation with himself.

It is alleged that on December 12, 1963, the Secretary of Defense ordered the closure of the facility, which employed at that time more than 1800 civilian workers and was furnishing emergency and scheduled repair work and modernization to more than 170 ships of the United States Navy, and that plaintiff and other members of the class whom he represents will be damaged by reason of loss of employment, lower classification, injury and sacrifice entailed in moving to a new location.

Plaintiff further alleges that the closing of the facility by the Secretary of Defense was done under the purported authority of 10 U.S.C.A. § 125, and contends that—

1. This section is unconstitutional as being repugnant to Article I, Section 8, Clause 13 of the Constitution, which provides that Congress is "[t]o provide and maintain a Navy," in that it is an unlawful delegation of legislative powers to the executive branch; and

2. Even if the delegation is constitutional, the Secretary has failed to proceed according to its express terms in not prior to the order of discontinuance, reporting to Congress as provided for in Section 125, and is thus subject to mandamus proceedings under 28 U.S.C.A. § 1361.

Section 125, as amended, reads in its relevant parts as follows:

" \* \* \* [T]he Secretary of Defense shall take appropriate action (including the transfer, reassignment, consolidation, or abolition of any *function*, power, or duty) to provide more effective, efficient, and economical administration and operation, and to eliminate duplication, in the Department of Defense. However, \* \* \* a *function*, power, or duty vested in the Department of Defense, or an officer, official, or agency thereof, by law may not be substantially transferred, reassigned, consolidated, or abolished unless the Secretary reports the details \* \* \* to the Committees on Armed Services of the Senate and House of Representatives. The transfer, reassignment, consolidation, or abolition concerned takes effect on the first day after the expiration of the first 30 days that Congress is in continuous session after the Secretary so reports. \* \* \* " [Emphasis added]

Defendants have moved to dismiss.

There is nothing to suggest that this is an unconstitutional delegation of power. See Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834 (1944). It would be absurd to say that Congress would have to legislate every military cantonment, ship or station in and out of existence. Further, the stand-

190

ards set down by Congress in the section provide adequate means for making determinations by the Secretary.

■ In view of what has been stated, it is held that the Section is not unconstitutional and that there is no substantial constitutional question requiring the convening a three-judge court. Wicks v. Southern Pacific Co., 231 F.2d 130 (9th Cir. 1956), cert. denied, 351 U.S. 946, 76 S.Ct. 845, 100 L.Ed. 1471 (1956).

■ Plaintiffs' alternate contention, likewise, cannot be upheld. From a reading of Section 125, together with the legislative history appearing in United States Code Congressional and Administrative News, 1958, pp. 3277–78, 3283–85, it does not appear that Congress intended that the abolition of a function less than a major combatant function, or a function that might tend to impair the defense of the United States, required reporting. It is apparent that the abolition of the Naval Repair Facility, if indeed it can be termed a function, would not fall within such category.

■■ Jurisdiction is alleged by reason of 28 U.S.C.A. § 1361, which section gives to the district courts jurisdiction of mandamus proceedings against government officials only with respect to the performance or non-performance by those officials of so-called "ministerial" or non-discretionary acts. This section would give this court jurisdiction only if the Secretary failed to comply with the statute when he ordered the closing of the facility. Inasmuch as it has been held that such prior report was not required, the Secretary of Defense acted within his discretionary powers, and Section 1361 does not apply. Consequently, the same sovereign immunity as applies to the United States, as a defendant in this action for injunctive relief, attaches to the individual defendants. Dugan v. Rank, et al., 372 U.S. 609, 619–623, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963).

In view of the holding here, it is not necessary to consider the Government's contention that plaintiff has not exhausted his administrative remedies.

The action is hereby dismissed.