**Harry F. ARMSTRONG, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 19686.**

United States Court of Appeals
Ninth Circuit.

Dec. 28, 1965.

---

Harry F. Armstrong, in pro. per.

Manuel L. Real, U. S. Atty., Donald A. Fareed, Asst. U. S. Atty., Stephen D. Miller, Asst. U. S. Atty., Los Angeles, Cal., for appellees.

Before CHAMBERS, BARNES, and ELY, Circuit Judges.

ELY, Circuit Judge.

This appeal is from the District Court's judgment dismissing appellant's suit for injunctive relief. The amended complaint alleged that on December 12, 1963, the Secretary of Defense of the United States issued his order that the Naval Repair Facility of the United States Naval Station at San Diego, California, be closed. At that time and prior thereto, appellant was employed as a service electrician at the Repair Facility, and he alleged that his suit was a "class action" brought by him on behalf of all employees affected by the Secretary's order. Named as defendants in the suit to enjoin the closure were the United States of America, its Secretary of Defense, its Secretary of the Navy, and the Commanding Officer of the Naval Repair Facility.

In our court, the appellant makes two contentions: (1) That § 125 of Title 10 U.S.C.,[1] the authority under which the Secretary of Defense made the challenged order, is unconstitutional in that it unlawfully delegates legislative powers; (2) That if the section is not unconstitutional, the Secretary's order is invalid because of his failure to comply with the requirements of the section.

We are convinced that the District Court made the proper determination and affirm its judgment for the reasons stated in its reported opinion. Armstrong v. United States, 233 F.Supp. 188 (S.D.Cal.1964). It is true that the Secretary did not report "details * * * to the Committees on Armed Services of the Senate and House of Representatives" before he directed the closing of the facility, as the section requires him to do before he transfers, reassigns, consolidates, or abolishes "a function, power, or duty vested" in his Department. In the light of the legislative history of the section,[2] we do not believe that a fair interpretation of its terms enables us to classify a Naval Repair Facility as "a function, power, or duty". If, by torture or ordinary meaning, a naval repair facility could be defined as a "function", it would be a "function" which might be supervised by the Secretary, but it would not be "vested" in him or his Department.

Affirmed.

1. "(a) * * *, [T]he Secretary of Defense shall take appropriate action (including the transfer, reassignment, consolidation, or abolition of any *function*, power, or duty) to provide more effectice, efficient, and economical administration and operation, and to eliminate duplication, in the Department of Defense. However, * * *, a *function*, power, or duty vested in the Department of Defense, or an officer, official, or agency thereof, by law may not be substantially transferred, reassigned, consolidated, or abolished unless the Secretary reports the details * * * to the Committees on Armed Services of the

Senate and House of Representatives. The transfer, reassignment, consolidation, or abolition concerned takes effect on the first day after the expiration of the first 30 days that Congress is in continuous session after the Secretary so reports, * * * *" (Emphasis added.)

2. See 2 U.S.Code Cong. & Ad.News 3277–3278, 3283–3285 (1958). In 1958 the precursor statute to 10 U.S.C. § 125 was amended so as to bring it to what is substantially its present form. It is this legislature history that is most relevant to the instant case.