Christopher J. JARRETT, Appellant,

v.

Hon. Stanley RESOR, Secretary of the Army of the United States; Hon. John Mitchell, Attorney General of the United States; Major General James W. Sutherland, Jr., Commanding General, United States Army Armor Center, Ft. Knox, Ky.; Lt. Desoer, Commanding Officer Overseas Replacement Station, Air Force Base, California; and Does I through V, Appellees.

No. 24668.

United States Court of Appeals, Ninth Circuit.

Jan. 23, 1970.

As Amended On Denial of Rehearing April 21, 1970.

As Further Amended May 15, 1970.

John T. Hansen (argued), San Francisco, Cal., for appellant.

Steven Kazan, San Francisco, Cal. (argued), Cecil F. Poole, U. S. Atty., San Franscico, Cal., for appellees.

Before HAMLEY, BROWNING and DUNIWAY, Circuit Judges.

HAMLEY, Circuit Judge:

Having been unsuccessful in his attempt to obtain a discharge from the Army as a conscientious objector, Lt. Christopher J. Jarrett, proceeding under 28 U.S.C. §§ 2201 and 2202, brought this action for declaratory relief.[1] Alleging that he then resided in Berkeley, California, Lt. Jarrett filed his complaint in the United States District Court for the Northern District of California, in which district Berkeley is located.

The specific declaratory relief which Lt. Jarrett sought is as follows: (1) a judicial declaration that AR (Army Regulations) 635–20, paragraph 6, applies to Jarrett as long as he has an application pending before the Board of Corrections of Military Records (Board),[2] and (2) a judicial declaration that the decision of the Army denying Jarrett's request for discharge is arbitrary, unlawful, an abridgement of his rights under the Fifth Amendment, and without basis in fact. Lt. Jarrett thus claims that he is entitled to be discharged under AR 635–20.

1. While Lt. Jarrett did not seek any general relief other than a declaratory judgment, he also asked that defendants be enjoined from transporting, assigning, or ordering him to duty outside the jurisdiction of the court during the pendency of the action.

2. Lt. Jarrett alleged that under AR 635–20, he cannot be reassigned to an overseas unit or assigned to duties in conflict with his beliefs until a "final decision" is reached on his application for discharge as a conscientious objector.

Lt. Jarrett named, as defendants, Stanley Resor, Secretary of the Army, and the other appellees listed in the caption, none of whom reside in the Northern District of California.[3] Upon motion of defendants, the district court dismissed the action for want of jurisdiction. The district court held that it lacked jurisdiction because: (1) the action must be treated as a habeas corpus proceeding, and (2) the court lacked jurisdiction to entertain the habeas proceeding because (a) at the time of the commencement of the suit, Lt. Jarrett was not being held in custody within the Northern District of California, and (b) none of the named defendants reside within the territorial limits of the Northern District of California or are subject to the process of the court. Lt. Jarrett appeals, challenging both of these rulings.

The facts relevant to a consideration of these issues are not in dispute. Lt. Jarrett enlisted in the Army on June 19, 1967. He later enrolled in Officer's Candidate School. On May 13, 1968, he was commissioned as a second lieutenant in the Armor Corps. From May, 1968 through February, 1969, Lt. Jarrett was assigned to the Armor School at Fort Knox, Kentucky, as a student and instructor. On February 20, 1969, he was reassigned to the United States Army, Vietnam, to be preceded by approximately two weeks of jungle operations training at Fort William Davis, Canal Zone.

After completing his jungle training, Lt. Jarrett was granted leave and ordered to report thereafter to the Army Transportation Officer at Travis Air Force Base, California, to board an airplane to Vietnam. His "port call" date was left open. On April 15, 1969, before a reporting date had been fixed, Lt. Jarrett filed with his commanding officer at Fort Knox, Kentucky, a request for discharge from the Army, pursuant to AR 635–20 on the grounds of conscientious objection. He remained at Fort Knox pending decision on this request.

On May 23, 1969, the Adjutant General disapproved the request. This information reached Lt. Jarrett on June 2, 1969. He was then ordered to comply with his prior orders reassigning him to Vietnam, following leave. Lt. Jarrett was also informed that he would receive his "port call" date for Travis Air Force Base about June 16, 1969, and that the "port call" had been tentatively set for June 19, 1969. He was accordingly allowed a leave in order to return to his Berkeley home, to which address his "port call" order would be sent.

Lt. Jarrett proceeded to Berkeley. On June 5, 1969, he filed with the Board an application seeking "correction" of the denial of his request for discharge as a conscientious objector. On the following day he filed this action. We are advised that he later received at Berkeley a definite "port call" date of June 19, 1969, but that the place of reporting for transportation to Vietnam was at that time changed from Travis Air Force Base to McChord Air Force Base, State of Washington.

We first consider Lt. Jarrett's argument that the district court erred in holding that this action must be treated as a habeas corpus proceeding. Jarrett states that he chose to bring the action as one for declaratory relief in the hope of avoiding the difficult jurisdictional problems which, under the circumstances of this case, would have to be confronted were he to institute a habeas proceeding.

Consistent with this objective, the complaint, on its face, is one for declaratory relief. The only jurisdictional statutes

3. While defendant Desoer is described as the Commanding Officer, Overseas Replacement Station, Air Force Base, California, the exact location of "Air Force Base" is not given in the caption of the complaint. The body of the complaint, however, indicates that Lt. Jarrett is referring to Travis Air Force Base, and we take judicial notice that this Air Force Base is located in the Eastern District of California. The reference in the caption of the complaint to "Does I through V," is meaningless and will be disregarded. Craig v. United States, 413 F.2d 854, 856 (9th Cir. 1969).

invoked are 28 U.S.C. §§ 2201 and 2202, which comprise the Declaratory Judgment Act. The substantive relief sought, summarized in the first paragraph of this opinion, was only for judicial declarations. Lt. Jarrett did not ask for a writ discharging him from custody.

■ However, the Declaratory Judgment Act is not a jurisdictional statute. It does not create subject matter jurisdiction where none otherwise exists. It only creats a particular kind of remedy available in actions where the district court already has jurisdiction to entertain a suit. Benson v. State Board of Parole & Probation, 384 F.2d 238, 239 (9th Cir. 1967); Wells v. United States, 280 F.2d 275, 277 (9th Cir. 1960).

On this appeal Lt. Jarrett for the first time contends that subject matter jurisdiction is provided by 28 U.S.C. § 1361, which reads:

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

If Lt. Jarrett may invoke 28 U.S.C. § 1361 for the first time on appeal and if, upon analysis, the action is in the nature of mandamus, then perhaps the district court had jurisdiction to grant declaratory relief as one of the remedies sought. See Medoff v. Freeman, 246 F.Supp. 125 (D.Mass.1965), aff'd on other grounds 362 F.2d 472 (1st Cir. 1966); Smith v. United States Air Force, 280 F.Supp. 478 (D.C.Pa.1968).

■ Although relief under 28 U.S.C. § 1361 should first be sought in the trial court, Prairie Band of Pottawatomie Tribe of Indians v. Puckkee, 321 F. 2d 767, 771 (10th Cir. 1963), if this court determines that mandamus would have been the appropriate remedy, it may remand the case to the trial court, suggesting that it be treated as a mandamus action under § 1361. Smith v. Resor, 406 F.2d 141, 147 (2d Cir. 1969).

However, the nature of Lt. Jarrett's grievance, as described in the complaint, is not of a kind which is amenable to the remedy of mandamus. Section 1361 did not enlarge the generally recognized scope of mandamus relief but, in conjunction with 28 U.S.C. § 1391(e), was intended only to ease the burden of proceeding against officers and employees of the federal government formerly suable only in the District of Columbia. Prairie Band of Pottawatomie Tribe of Indians v. Udall, 355 F.2d 364, 367 (10th Cir. 1966). The Tenth Circuit there held, consistent with the historic concept of the mandamus remedy, that a writ may not issue under section 1361 unless it appears that the claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt. See also Armstrong v. United States, 233 F.Supp. 188 (S.D.Cal.1964), aff'd memo. 354 F.2d 648 (9th Cir. 1965).[4]

■ The complaint in this action does not allege that defendants have failed to fulfill a plainly prescribed ministerial duty.[5] It alleges at most that in fulfilling

4. Hancock v. Laird, 415 F.2d 234 (9th Cir. 1969), discusses the appropriateness of a resort to the extraordinary remedy in the nature of mandamus by a member of the United States Army against his superior officer. In that case, the commandant of the Oakland Overseas Replacement Station had refused to receive the applicant's request for a "compassionate reassignment" on the ground that such an application should be processed through the applicant's Vietnam unit. No question of discretion was involved but only whether, under the applicable regulations, the Oakland command was obliged to receive and process the request.

This court affirmed a district court denial of relief in *Hancock*, not because the district court was without jurisdiction to entertain the mandamus application, but because the Oakland command correctly refused to accept the request for reassignment.

5. The complaint does allege that an administrative regulation, AR 635–20, prohibits the assignment of Lt. Jarrett to an overseas unit pending review of his application by the Army Board for the Correction of Military Records. This allegation might appear to support an application for mandamus to compel the

their duty of acting upon his request for a discharge from the Army, they either abused their discretion, incorrectly found the facts, or misapplied the law. It follows that neither on its face, nor in substance, can the complaint be regarded as invoking jurisdiction under section 1361.

The district court was therefore entitled to dismiss the action for lack of jurisdiction without considering whether it could be regarded as an application for a writ of habeas corpus. The fact that the court chose to explore this possible alternative ground for jurisdiction did not aggrieve Lt. Jarrett. We therefore conclude that the district court did not err in holding that this action must be treated as a habeas corpus proceeding.

Lt. Jarrett also questions the district court's determination that it lacked jurisdiction to entertain this action as a habeas proceeding. As noted at the outset of this opinion, the district court based this determination upon two grounds. The first of these is that at the time of the commencement of the suit Lt. Jarrett was not being held in custody within the Northern District of California.

Title 28, § 2241(a) provides that "writs of habeas corpus may be granted by * * * the district courts * * * within their respective jurisdictions." The quoted statutory language limits the power of the district court to hear and determine a petition for habeas corpus to those instances in which the applicant "both is physically present in the court's territorial jurisdiction and is detained or held in custody within that jurisdiction." United States ex rel. Rudick v. Laird, 412 F.2d 16, 20 (2d Cir. 1969).[6] A member of the Armed Forces who is voluntarily in a place other than an assigned post is not in custody in that place. See *Rudick*, at 20–21.

Lt. Jarrett suggests that *Rudick* is distinguishable on the facts. In our opinion the two cases are not distinguishable on any basis which renders the *Rudick* holdings inapplicable here.

[6] Although Lt. Jarrett is physically present within the territorial limits of the Northern District of California, he has never been assigned to an Army post within that district. He was free to go to his home in Berkeley, but he was not required to do so. Accordingly, he is not being held in custody by the named defendants in the territorial confines of the Northern District of California. It follows that the district court did not err in holding that it lacked jurisdiction on this ground. We do not need to decide whether the district court erred in holding that it also lacked jurisdiction because none of the named defendants reside within the territorial limits of the Northern District of California.

Affirmed.

Army to comply with its own regulation. But the allegation is plainly unmeritorious as a matter of law since the regulation in question expressly provides that "Application to the Army Board for Correction of Military Records has no effect on * * * performance of any *duties, or participation in any type of training.*" AR 635–20(6) (c).

This latter provision became effective on January 1, 1970, while this case was on appeal, but it is the general rule, applicable here, that "an appellate court must apply the law in effect at the time it renders the decision." Thorpe v. Housing Authority, 393 U.S. 268, 281, 89 S.Ct. 518, 526, 21 L.Ed.2d 474 (1969).

6. The district court did not hold, and defendants do not here contend, that a person serving in the Armed Forces is not in sufficient custody to give application to the habeas corpus statute, 28 U.S.C. § 2241. In any event, the availability of habeas corpus to obtain discharge from the Armed Forces in a proper case is now generally recognized. The definitive decision is Hammond v. Lenfest, 398 F.2d 705 (2d Cir. 1968). See also Oestereich v. Selective Service Local Board, No. 11, 393 U.S. 233, 235, 89 S.Ct. 414, 21 L.Ed. 2d 402 (1968) ; United States ex rel. Rudick v. Laird, 412 F.2d 16, 19 (2d Cir. 1969) ; United States ex rel. Brooks v. Clifford, 409 F.2d 700 (4th Cir. 1969); Morgan v. Underwood, 406 F.2d 1253, 1254–1255 (5th Cir. 1969) ; United States ex rel. Schonbrun v. Commanding Officer, 403 F.2d 371, 373 (2d Cir. 1968) ; In re Kelly, 401 F.2d 211, 213 (5th Cir. 1968) ; Brown v. McNamara, 387 F.2d 150, 152 (3rd Cir. 1967).