**Enrique GONZALES SALCEDO,**
**Appellant,**

**v.**

**Lt. Col. Richard F. LAUER et al.,**
**Appellees.**

**No. 25561.**

United States Court of Appeals,
Ninth Circuit.

Aug. 6, 1970.

Rehearing Denied Sept. 11, 1970.

Allen D. Lenard (argued), Los Angeles, Cal., for appellant.

J. F. Bishop (argued), Atty., Morton Hollander, Atty., Dept. of Justice; Wm. D. Ruckelshaus, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for appellees.

Before HAMLEY and DUNIWAY, Circuit Judges, and THOMPSON,* District Judge.

PER CURIAM:

Appellant filed this action for a declaratory judgment, injunction and mandamus on October 6, 1969. At the time,

* Hon. Bruce R. Thompson, United States District Judge, Reno, Nevada, sitting by designation.

as a member of the United States Army, he was under orders to report to Fort Dix, New Jersey on October 8, 1969 for processing for overseas service in Germany and was in the Central District of California on military leave and not under orders requiring his presence there.

Plaintiff alleged that he was fraudulently induced to enlist in the military service and sought a declaratory adjudication that the enlistment was illegal and void, injunctive relief against enforcement of the military orders requiring him to report at Fort Dix, and a writ of mandamus compelling his discharge from the service.

The District Court, after a hearing, granted a preliminary injunction. Subsequently, the defendants renewed their motion to dismiss, citing Jarrett v. Resor, 9 Cir., 426 F.2d 213, decided January 23, 1970 by this Court and later amended. Upon reconsideration, the District Court dismissed the action for lack of jurisdiction but continued the preliminary injunction in force pending appeal. Salcedo remains at large in California freed of military restraint.

█ █ We consider Jarrett v. Resor, *supra*, as controlling authority compelling affirmance of the judgment dismissing the action for lack of jurisdiction. *Jarrett* clearly precludes habeas corpus jurisdiction where Petitioner is not required by military orders to be in the forum district. *Jarrett* also reiterates the established rule that the Declaratory Judgment Act is not a jurisdictional statute. Finally, *Jarrett*, in language peculiarly applicable to this case, rejects mandamus jurisdiction under 28 U.S.C. § 1361:

> "The complaint in this action does not allege that defendants have failed to fulfill a plainly prescribed ministerial duty. It alleges at most that in fulfilling their duty of acting upon

his request for a discharge from the Army, they either abused their discretion, incorrectly. found the facts, or misapplied the law. It follows that neither on its face, nor in substance, can the complaint be regarded as invoking jurisdiction under section 1361."

Appellant seeks to distinguish *Jarrett* because in their Answer to the Amended Complaint, defendants pleaded as an affirmative defense, "This Court lacks jurisdiction as plaintiff has failed to exhaust his administrative remedy by application to the Adjutant General of the United States Army." The remedy is provided under Army Regulation 635–200 to obtain a discharge following discovery of an erroneous enlistment.

Exhaustion of administrative remedies provided by the military service is a required predicate to relief in the civil courts. Beard v. Stahr, 370 U.S. 41, 82 S.Ct. 1105, 8 L.Ed.2d 321 (1962); Craycroft v. Ferrall, 408 F.2d 587 (9th Cir. 1969).[1] Such an application was finally made by Appellant and is presently pending. We cannot, however, accept Appellant's view that the mandamus jurisdiction of the court was invoked to accomplish this. On the contrary, no pleading and no evidence warrants an inference that the Army had declined to follow its own procedures or had refused to accord Appellant the procedural benefits of prescribed administrative remedies. Because of this, the decision in Schatten v. United States, 419 F.2d 187. (6th Cir. 1969), relied upon by Appellant is inapposite.

The only mandamus relief sought by pleading or prayer in the Amended Complaint was a direction that Appellant be discharged from the service. *Jarrett* teaches that this is the office of habeas corpus, not mandamus, in an appropriate case.

---

1. The *Craycroft* judgment was vacated and remanded by the Supreme Court (Craycroft v. Ferrall, 397 U.S. 335, 90 S.Ct. 1152, 25 L.Ed.2d 351 (1970)) because, "The Solicitor General concedes that the administrative remedies * * * have either been exhausted or are nonexistent." In the instant case, the administrative remedy is currently being pursued.

Accordingly, the judgment appealed from is affirmed. The preliminary injunction issued by the District Court shall remain in effect for a period of ten days only from date of this Opinion to enable Appellant to seek such other remedy as he shall be advised.