**UNITED STATES of America ex rel. Kenneth W. CUMMINGS, Petitioner,**

v.

**Captain L. M. BRACKEN, Commanding Officer, U. S. Coast Guard Base, Galveston, Texas, Respondent.**

**Civ. A. No. 71–G–106.**

United States District Court,
S. D. Texas,
Galveston Division.

July 21, 1971.

Henry M. Rosenblum, Houston, Tex., for petitioner; Lt. H. Michael Ryan, New Orleans, La., appointed for petitioner by military court.

Anthony J. P. Farris, U. S. Atty., Jack Shepherd and Olney Wallas, Asst. U. S. Attys., Houston, Tex., for respondent.

## MEMORANDUM AND ORDER

NOEL, District Judge.

Petitioner, an enlisted member of the United States Coast Guard, has filed a

petition for the writ of habeas corpus wherein he moves this Court to cause a pending court martial proceeding against him to be terminated and to cause him to be discharged from the service.

Petitioner asserts that he was scheduled to be released from duty on July 9, 1971. However, shortly prior to this date, his enlistment was involuntarily extended so that he might be tried by a court martial upon charges of absence without leave and possession, use and transfer of a narcotic.

In sum, petitioner asserts that he is presently by right a civilian, that military jurisdiction over his person has terminated, and that his retention in the service is unlawful. Implicit in this is the contention that the Coast Guard lacked power to extend his enlistment for the purpose of compelling him to answer for service-connected offenses. For reasons stated below, it is neither necessary nor appropriate for this Court to reach the questions which petitioner seeks to raise.

■ Petitioner has not yet been court martialed; he has therefore had no occasion to appeal to the military tribunals of appellate jurisdiction; nor has he raised any administrative challenge to his retention in the service. In its present posture, this case is not ripe for adjudication in a federal district court. Such intervention would clearly violate "the general rule that habeas corpus petitions from military prisoners should not be entertained by federal civilian courts until all available remedies within the military court system have been invoked in vain." Noyd v. Bond, 395 U.S. 683, 693, 89 S.Ct. 1876, 1882, 23 L.Ed.2d 631 (1969).

■ Premature intervention by a federal court, which petitioner here invites, would be inconsistent with the deference and comity which the judiciary must accord to the internal processes of the military. This deference has been likened to the respect which federal courts owe to the jurisdiction of

state courts. In Gusik v. Schilder, 340 U.S. 128, 131, 71 S.Ct. 149, 151, 95 L.Ed. 146 (1950), a unanimous Supreme Court made the following observation:

An analogy is a petition for habeas corpus in the federal court challenging the jurisdiction of a state court. If the state procedure provides a remedy, which though available has not been exhausted, the federal courts will not interfere. * * * The policy underlying that rule is pertinent to the collateral attack of military judgments as it is to collateral attack of judgments rendered in state courts. If an available procedure has not been employed to rectify the alleged error which the federal court is asked to correct, any interference by the federal court may be wholly needless. The procedure established to police the errors of the tribunal whose judgment is challenged may be adequate for the occasion. If it is, any friction between the federal court and the military or state tribunal is saved. * * * Such a principle of judicial administration is in no sense a suspension of the writ of habeas corpus. It is merely a deferment of resort to the writ until other corrective procedures are shown to be futile.

The Gusik analogy of judicial-military deference to federal-state deference is most instructive to a court which is urged to prematurely abort a court martial proceeding. The strong rule of comity announced in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), which raised an almost impenetrable barrier to anticipatory interference in state criminal proceedings, is equally applicable to this invited scrutiny of a military court martial which has not yet occurred.

■ It is peculiarly within the competence of a military court to determine the questions presented. For example, such a tribunal is eminently better equipped by reason of its expertise and experience than is this Court to construe those provisions of the Manual for Courts Martial or other regulations re-

lating to involuntary extension of enlistments. Furthermore, petitioner has not pleaded nor offered to demonstrate that irreparable harm will be occasioned by presenting his contentions first to the military court.[1] If he is convicted by the military court, and if his conviction is upheld by the higher military tribunals, there will then be time enough to seek civilian judicial review. Insistence upon such adherence to properly constituted remedial channels does not represent a sacrifice of personal rights to military efficiency. To the contrary, it must be assumed that the military judicial authorities are just as solicitous of petitioner's rights as a federal district court would be. As the Court of Appeals for this Circuit has insisted:

Petitioner's claims may be presented in the channels of the military judicial system. "The military courts, like the state courts, have the same responsibilities as do the federal courts to protect a person from a violation of his constitutional rights." Burns v. Wilson, 346 U.S. 137 at 142, 73 S.Ct. 1045, 97 L.Ed. 1508 [at 1515]. We are unwilling to presume

in this case that the military courts will not fully and fairly consider the claims by petitioner of the violation of his constitutional rights and of failure of the Army to abide by its own regulations.

In Re Kelly, 401 F.2d 211, 213 (5th Cir. 1968). · See also United States ex rel. Berry v. Commanding General, etc., 411 F.2d 822 (5th Cir. 1969); Salcedo v. Lauer, 430 F.2d 1282 (9th Cir. 1970); Parisi v. Davidson, 435 F.2d 299 (9th Cir. 1970), petition for certiorari granted 402 U.S. 942, 91 S.Ct. 1619, 29 L.Ed. 2d 110.[2]

To conclude, this Court holds only:

(1) that the military court is competent to decide the questions presented, including the ·question of its own jurisdiction, and

(2) that considerations of ripeness and comity, grounded upon a due respect for the constitutional separation of powers, preclude this Court from prematurely interfering with the internal disciplinary processes of the military establishment.

Accordingly, this action shall be dismissed.

1. The fact that petitioner will remain in the service during the disposition of his court martial does not justify a civilian court in short-circuiting the military's internal remedies. See Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625.

2. Petitioner relies upon the cases of United States ex rel. Norris v. Norman, 296 F.Supp. 1270 (N.D.Ill.1969) and United States ex rel. Stone v. Robinson, 309 F.Supp. 1261 (W.D.Pa.1970), which are factually distinguishable and therefore inapposite. In Norris, the petitioner sought a writ of habeas corpus claiming that his original enlistment was not voluntary, that his oath of enlistment had been obtained by duress, and that his enlistment was thus invalid and void. In Stone, the petitioner seeking habeas corpus relief had voluntarily reenlisted in the Air Force so that he could be furnished aid and counsel by the Air Force in a criminal action brought by the Japanese Government. Neither of these cases raised the issue of involuntary extension for the reason of pending disciplinary action. More on point are

the cases of Roman v. Critz, 291 F.Supp. 99 (W.D.Tex.1968), stay den. 393 U.S. 921, 89 S.Ct. 251, 21 L.Ed.2d 257 (1968), and Gorko v. Commanding Officer, etc., 10 Cir., 314 F.2d 858 (1963) in which it was held that judicial review of military action by habeas corpus is limited to the issue of whether the court martial had jurisdiction of the person and offense charged, and that where a military investigation is proceeding with a "view to trial" at the time when the serviceman's period of active service would normally have terminated, the court martial jurisdiction is deemed to have already attached and retention on active duty until disposition of the offense alleged is permissible even though the term of enlistment may have expired.

Similarly, petitioner's reliance on United States ex rel. Toth v. Quarles, 350 U.S. 11, 76 S.Ct. 1, 100 L.Ed. 8 (1955) is misplaced. The serviceman in that case had been honorably discharged and had been employed in a civilian occupation for five months prior to his arrest and court martial. Toth did not raise the question of pre-court martial interference by civilian courts.