**SP/4 Richard L. HAMLIN, Jr., 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, Plaintiff,**

v.

**Melvin R. LAIRD and his designated successor et al., Defendants.**

**Civ. A. No. 1761.**

United States District Court, S. D. Georgia, Augusta Division.

Dec. 14, 1972.

O. Torbett Ivey, Jr., Augusta, Ga., for plaintiff.

R. Jackson B. Smith, Jr., U. S. Atty., and Henry L. Whisenhunt, Jr., Asst. U. S. Atty., Augusta, Ga., for defendants.

ORDER

ALAIMO, District Judge.

This is a civil action brought by the plaintiff to enjoin the United States Army from proceeding by general court martial to adjudicate charges filed against him pursuant to Article 134 U. C.M.J. for the alleged sale of marijuana and distribution of LSD. Jurisdiction is alleged to be predicated upon 28 U.S.C. §§ 1331, 1332. Oral argument was heard on December 11, 1972, on the plaintiff's motion for a preliminary injunction and the defendants' motion to dismiss.

For the purposes of these motions, the allegations of the plaintiff will be accepted as true. The plaintiff has been confined since September 10, 1972, in the Army Stockade on charges of selling marijuana and distributing LSD. Pursuant to 32 U.C.M.J. an investigating officer was appointed to examine the charges. This officer, a qualified attorney, took three days of testimony and recommended that the plaintiff be tried by special court martial, which tribunal has jurisdiction to sentence the plaintiff to six months imprisonment and a bad conduct discharge. This recommendation was forwarded to the Commandant of the United States Military Police School at Fort Gordon, Georgia, who adopted it and forwarded it to the Staff Judge Advocate. The Staff Judge Advocate, for reasons which do not appear in the record, thereafter recommended to the convening authority that the plaintiff be tried by general court martial, which tribunal has jurisdiction to sentence the plaintiff to ten years imprisonment and a dishonorable discharge. This recommendation was acted upon and the plaintiff has been ordered to stand trial by general court martial.

The plaintiff, seeking to enjoin the general court martial, avers that the action of the Staff Judge Advocate and the convening authority was in violation of Army regulations and was arbitrary and capricious so as to violate the rights secured to the plaintiff by the Fifth and Eighth Amendments of the United States Constitution. The defendants move the Court to dismiss the action upon the grounds that the plaintiff has failed to exhaust corrective intraservice remedies.

In Mindes v. Seaman, 453 F.2d 197, 201 (5 Cir. 1971), the Court concluded that federal courts should not review internal military affairs in the absence of "(a) an allegation of the deprivation of a constitutional right, or an allegation that the military has acted in violation of applicable statutes or its own regulations, and (b) exhaustion of available intraservice corrective measures." Here, the second criterion precludes review of the plaintiff's contentions at this point. As a general rule, it can be stated that federal courts should not review internal military affairs until the military courts have had the opportunity to correct procedural defects prejudicing the rights of a defendant. *See e. g.,* Noyd v. Bond, 395 U.S. 683, 89 S. Ct. 1876, 23 L.Ed.2d 631 (1969); Gusik v. Schilder, 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146 (1950).

It is noteworthy that the plaintiff herein has not as yet been court martialed. Thus, the relief sought is anticipatory interference by the federal court in a military criminal proceeding. Were this matter pending in a state court, the rule of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) would preclude such interference unless the prosecution was brought in bad faith. And the strong rule of comity of Younger v. Harris, *supra,* is equally applicable where the challenge is directed toward military criminal proceedings. *See* United States ex rel. Cummings v. Bracken, 329 F.Supp. 384 (S. D.Tex.1971).

Accordingly, the motion for a preliminary injunction is denied. The motion to dismiss is not ruled upon at this time.