**DISABLED AMERICAN VETERANS DEPARTMENT OF NEW YORK, INC., Plaintiff,**

v.

**The UNITED STATES of America, et al., Defendants.**

**No. 73 C 890.**

United States District Court,
E. D. New York.

Aug. 20, 1973.

Siller & Galian, for plaintiff; by Edward G. Galian, New York City, of counsel.

Robert A. Morse, U. S. Atty., for defendants; by George H. Weller, Asst. U. S. Atty., of counsel.

## MEMORANDUM and ORDER

BRUCHHAUSEN, District Judge.

The plaintiff moves for a preliminary injunction, restraining the defendants from discontinuing the operation of the Naval Hospital at St. Albans, Queens County, New York, and for the appointment of a three-judge court.

The plaintiff claims it represents 28,000 "Honorably Discharged" Veterans.

## THIS COURT LACKS JURISDICTION OF THIS ACTION.

The defendant, United States, not having consented to suit, is immune therefrom. See Armstrong v. United States, D.C., 233 F.Supp. 188, affirmed in 9 Cir., 354 F.2d 648, cert. denied in 384 U.S. 946, 86 S.Ct. 1472, 16 L.Ed.2d 543.

■ The individual defendants are also immune therefrom. The decision to close a military hospital is committed by the Constitution and Federal Statutes to the discretion of the Secretary of Defense.

The Constitution states that Congress shall have power to provide for the common Defense (See Art. I, Sec. 8, cl. 1) and to maintain a Navy (See Art. I, Sec. 8, cl. 13).

10 U.S.C. § 125(a), in part, requires the Secretary of Defense to provide more effective, efficient, and economical administration and operation of his Department and 40 U.S.C. § 483(b) requires each executive agency to continuously survey property under its control to determine which is excess property.

The Secretary of Defense also acts under Article II, Section 1 of the Constitution whereunder he administers the pertinent laws of Congress. See Springer v. Philippine Islands, 277 U.S. 189, 48 S.Ct. 480, 72 L.Ed. 845.

■ The Secretary, having acted within his discretion, the same sovereign immunity as applies to the United States, as a defendant, attaches to the individual defendants. See Armstrong v. United States, D.C., 233 F.Supp. 188, affirmed in 9 Cir., 354 F.2d 648, cert. denied in 384 U.S. 946, 86 S.Ct. 1472, 16 L.Ed.2d 543 and National Association of Government Employees v. Richardson, Civil Action No. 5199, (D.R.I., filed May 17, 1973).

THE "HONORABLY DISCHARGED" VETERANS, REPRESENTED BY THE PLAINTIFF, ARE NOT ENTITLED TO USE THE NAVAL HOSPITAL AT ST. ALBANS.

Naval hospitals are primarily for the medical care of Navy and Marine Corps personnel on active duty and other members of the uniformed services on active duty. 32 C.F.R. § 728.1, 10 U.S.C. §§ 1074(a), 6201.

"Honorably discharged veterans" are only entitled to hospitalization and medical care from the Veterans Administration. See 38 U.S.C. §§ 610–624.

THE ACTIONS OF THE SECRETARY OF DEFENSE IN DISCONTINUING THE OPERATION OF THE ST. ALBANS HOSPITAL ARE WITHIN HIS DISCRETION.

As hereinabove set forth, the said Secretary, by Acts of Congress, is required to provide more effective, efficient and economical administration and operation of his Department and to continuously survey property under his control to determine which is excess property.

The statements made by George Herbert Weller, Assistant United States Attorney, in his affidavit, sworn to June 25, 1973, and in the Draft 613 Congressional Report are not disputed. It is set forth therein that a major basis for the closure of the subject hospital is the shrinkage of Naval personnel in the Third Naval District to 2,500 persons; that the relocation of this caseload to other Naval hospitals will result in annual savings of over Two Million Eight Hundred Thousand Dollars; that the closure is scheduled for June 30, 1974; that the subject hospital is not now being dismantled; that its equipment and supplies are not now being removed; that no stripping is taking place and that there has been a major general house-cleaning of junk.

However, those members of the D.A.V. who have been separated or still be in active service are eligible to the use of naval and other uniform services medical facilities, 10 U.S.C. § 1074.

■ In the case at bar, those members of plaintiff's organization who may be authorized to the use of the naval and other uniform services medical facilities have failed to show any irreparable harm to them which may result from the Secretary's exercise of his discretion in scheduling the closing of the St. Albans Hospital.

## NO THREE-JUDGE COURT IS REQUIRED.

 This is so in that the plaintiff fails to present a constitutional question.

## A PRELIMINARY INJUNCTION MAY NOT BE GRANTED UNLESS THE PLAINTIFF ESTABLISHES A PROBABILITY OF SUCCESS OR IRREPARABLE HARM.

 It is settled law that a plaintiff, seeking a preliminary injunction, is required to show probability of success or irreparable harm. See Hagopian v. Knowlton, 2 Cir., 470 F.2d 201, 207; Checker Motors Corp. v. Chrysler Corp., 2 Cir., 405 F.2d 319, 323, and Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636.

Upon due deliberation, it is ordered that the plaintiff's motion be and it is hereby denied, in all respects, and that the complaint be dismissed.