**Richard Anthony YONAN, Plaintiff,**

v.

**Robert C. SEAMANS, Jr., Secretary of the Air Force, Defendant.**

**No. 73 C 2799.**

United States District Court,
N. D. Illinois, E. D.

July 2, 1974.

Adamowski, Newey & Adamowski, Chicago, Ill., for plaintiff.

U. S. Atty. James R. Thompson, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

DECKER, District Judge.

This is an action by a former major in the U. S. Air Force alleging that his separation from the service deprived him of property without due process of law.[1] Jurisdiction is based upon 28 U. S.C. § 1346(a)(2) and § 1361. Plaintiff seeks an order reinstating him to duty and granting him all the benefits to which he is entitled, or, in the alternative, an order upon defendant to accord him a hearing in accordance with due process to determine his benefits and property.[2] Presently before the court is defendant's motion to dismiss the complaint for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), F. R.Civ.P., or for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), F.R.Civ.P.

The complaint alleges that, after 19 years of service in the Air Force, during which he had achieved the rank of major, plaintiff was retired from the service on grounds of mental incompetency.

The declaration of incompetency was made by a Board of Medical Officers at Willford Hall USAF Hospital, Lackland Air Force Base, Texas. Plaintiff allegedly was not given notice, a hearing, or an opportunity to cross-examine witnesses or to produce evidence in his own behalf.

The following facts are established by certified Air Force records in the court file. On February 26, 1970, plaintiff was informed that the USAF Physical Evaluation Board ("PEB") had considered plaintiff's report of examination and recommended that he be permanently retired, with disability pay. This notification also stated that the recommendations of PEB were not final and that the final decision would be rendered by the Office of the Secretary of the Air Force after a complete review of the case. Lastly, the letter gave plaintiff the option of (1) accepting the PEB recommendations, (2) demanding a formal hearing,[3] or submitting a written rebuttal in lieu of a formal hearing. Plaintiff replied by marking the space indicating concurrence with the PEB findings. The record in this case also establishes that plaintiff never has applied for any relief to the Air Force Board of Correction of Military Records. See 10 U.S.C. § 1552.

Defendant maintains that this suit is premature and should be dismissed because of plaintiff's failure to comply with "the familiar rule requiring exhaustion of all available administrative remedies before judicial relief may be sought". Bolger v. Marshall, 90 U.S. App.D.C. 30, 193 F.2d 37, 39 (1951). Plaintiff does not contend that he has pursued all administrative avenues of review, but, instead, invokes the equally well-settled maxim that administrative remedies need not be exhausted if such

---

1. Although not mentioned in the complaint, plaintiff also claims in his brief that the Air Force did not follow its own regulations in this matter.

2. It is unclear whether the purpose of this hearing would be to reassess plaintiff's competency or to determine, after a court-ordered reinstatement to duty, the rank, pay, and past benefits to which he should be restored.

3. It appears from plaintiff's own brief that the "formal hearing" would be characterized by due process safeguards.

action would be futile. He argues that the "hearing" he did have was a "hoax" and that he has no reason to expect better treatment or opportunity were he now to pursue military review procedures. However, no substantive contentions are put forward to support a judicial determination that further pursuit of any administrative relief would be futile.

Despite the anomaly of defendant's positions that plaintiff has waived any right to contest or to complain of the administrative action and that his failure to exhaust warrants dismissal here, defendant's ultimate contention is that administrative remedies within the Air Force are presently available to grant plaintiff the relief he seeks.

First, pursuant to 10 U.S.C. § 1552, see 32 C.F.R. § 865.1 et seq., the Air Force Board for the Correction of Military Records may "determine the existence of an error or an injustice and, when appropriate, . . . make recommendations to the Secretary of the Air Force". 32 C.F.R. § 865.2(b). Although applications for corrections are to be filed within three years of the alleged error or injustice, and it appears that that time period has expired in this case, the Board is given discretion to excuse untimely failures to file. 32 C.F.R. § 865.4.

The second course specified by defendant, review by the Air Force Discharge Review Board, see 10 U.S.C. § 1553; 32 C.F.R. § 865.100 et seq., would not appear to be available to plaintiff because that Board's jurisdiction is limited to issuing "a new discharge in accord with the facts" presented to it. 10 U.S.C. § 1553(b). See C.F.R. § 865.101(b). It is not clear, however, whether the Review Board is without authority to accord plaintiff a new hearing.

Finally, the jurisdiction of the Air Force Disability Review Board, 10 U.S.C. § 1554; see 32 C.F.R. § 865.200 et seq., recommended as a third avenue of appeal by defendant, is limited to review of actions retiring or releasing an officer from active duty without pay for physical disability. See 10 U.S.C. § 1554(a); 32 C.F.R. 865.201(b). Since plaintiff is receiving disability payments, this course would appear to be unavailable.

 On its face, therefore, plaintiff possesses one, and possibly two, military administrative remedies. Certainly, plaintiff has not established that these avenues, in reality, are unavailable to him.[4] Nor does it appear that invocation of the exhaustion doctrine is unwarranted here. Unlike the servicewoman in Downen v. Warner, 481 F.2d 642 (9th Cir. 1973), plaintiff is not challenging the constitutionality of a regulation compelling his discharge. Rather, he complains of the constitutional adequacy of the process by which he was separated from service, under factual circumstances which strongly suggest that the process as a whole affords due process and that plaintiff may have forfeited his rights thereto.[5] By permitting the military to correct its own alleged mistakes through review, the federal courts promote judicial and administrative efficiency and may avoid deciding questions rendered moot by review within the military system. Noyd v. Bond, 395 U.S. 683, 693–694, 89 S.Ct. 1876, 23 L.Ed.2d 631 (1969); Gonzales Salcedo v. Lauer, 430 F.2d 1282, 1283 (9th Cir. 1970).

Accordingly, defendant's motion to dismiss for failure to exhaust administrative remedies is granted and the complaint is hereby dismissed without prejudice.

---

4. Although plaintiff ultimately may be deemed by the various military review boards to have waived any right to further review by them, it should remain for the boards to make this determination, especially since the statutes and regulations indicate that the relief requested is within their jurisdiction. In light of plaintiff's apparent disability, a question of whether his acquiescence was knowing and intelligent may be raised.

5. Alternatively, the Air Force may have violated its own regulations. See note 1 *supra.*