577 F.2d 366
 Carl D. PERKINS, Tim Lee Carter, Phillip G. Jackson and
Daniel W. Terhune, Plaintiffs-Appellants,
v.
Donald RUMSFELD, Martin R. Hoffman, General Fred C. Weyand,
the Department of Defense and the United States
Army, Defendants-Appellees.
 No. 76-2279.
 United States Court of Appeals,
Sixth Circuit.
 Submitted April 11, 1978.
Decided June 9, 1978.
 
 Carl D. Perkins, Washington, D. C., for plaintiffs-appellants.
 Patrick Molloy, U. S. Atty., Lexington, Ky., Edmund B. Clark, Kathryn A. Oberly, Appellate Section, Land & Natural Resources Div., Dept. of Justice, Washington, D. C., for defendants-appellees.
 Before PHILLIPS, Chief Judge, and WEICK and EDWARDS, Circuit Judges.
 WEICK, Circuit Judge.
 
 
 1
 Plaintiffs, Congressmen Carl D. Perkins and Tim Lee Carter of Kentucky and two civil employees of the Lexington-Bluegrass Army Depot (LBAD), Phillip G. Jackson and Daniel W. Terhune, have appealed from an order of the District Court dismissing their complaint and denying injunctive relief to prohibit the defendants[1] from transferring the mission of repairing communications electronics equipment from the LBAD in Lexington, Kentucky to other facilities in California and Pennsylvania.
 
 
 2
 On November 22, 1974 the Secretary of Defense announced one hundred eleven actions involving realignment of units and the closing of particular bases. One of the actions involved the transfer of the communications repair mission at LBAD to the other bases. This action would result in a reduction-in-force of eighteen military and twenty-six hundred thirty civilian jobs at LBAD; but after the realignment LBAD would continue to be an active installation of fifteen hundred ninety-four employees. The Army, in connection with its decision, prepared an environmental assessment which concluded that because no significant effect on the human environment would result from its action, a formal environmental impact statement (EIS) was not required. Additionally, Battelle Columbus Laboratories, a non-governmental research institution, studied the potential socio-economic impact of the action in the Lexington area and concluded that only minimal, short-term unemployment would result.
 
 
 3
 In August, 1975 numerous plaintiffs, including several Kentucky Congressmen and the United States Senators from Kentucky, filed an action in the Federal District Court for the Eastern District of Kentucky, premised upon the theory that the phase-down of LBAD's operations contravened the National Environmental Protection Act (NEPA), 42 U.S.C. § 4321, et seq. The District Court granted a preliminary injunction enjoining the planned phase-out pending the filing of an EIS. This Court, in Breckinridge v. Rumsfeld, 537 F.2d 864 (6th Cir. 1976), cert. denied, 429 U.S. 1061, 97 S.Ct. 785, 50 L.Ed.2d 777 (1977), reversed and dissolved the injunction and remanded the case to the District Court with instructions to dismiss the complaint on the ground that the term "human environment" as used in NEPA did not include the socio-economic impacts on an area.
 
 
 4
 Less than a week after this Court's decision in Breckinridge v. Rumsfeld, supra, plaintiffs instituted the present action in the District Court, alleging that the phase-down at LBAD was politically motivated and that it constituted a fraud in violation of 18 U.S.C. § 1001 and deprived plaintiffs of their rights under the First and Fifth Amendments.[2]
 
 
 5
 Defendants filed a motion to dismiss the action asserting inter alia : (1) the phase-down decision is one committed to the discretion of the Secretaries of the Army and Defense and is not subject to judicial review; (2) the suit is barred by laches; and (3) the suit is barred by the doctrine of res judicata.
 
 
 6
 The District Court granted defendants' motion, ruling that it lacked jurisdiction to review the action under the political question doctrine; that no rights of plaintiff employees had been violated; and that 18 U.S.C. § 1001 was inapposite because its purpose is to protect government agencies from false claims.
 
 
 7
 The plaintiffs appealed to this Court. The parties submitted the appeal to us on the briefs and appendix, without oral argument. We affirm.
 
 
 8
 We find no violation of the First Amendment rights of the plaintiffs.
 
 
 9
 We are of the opinion that the authority to transfer functions from one military establishment to another is vested in the Secretary of Defense by Congress pursuant to 10 U.S.C. § 125. In exercising this authority the Secretary is performing a discretionary and not a ministerial function. The Courts have no jurisdiction to interfere. See Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council, Inc., --- U.S. ---, 98 S.Ct. 1197, 54 L.Ed.2d 460 (1978); Gilligan v. Morgan, 413 U.S. 1, 8, 10, 93 S.Ct. 2440, 37 L.Ed.2d 407 (1973); Baker v. Carr, 369 U.S. 186, 217, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962); Coleman v. Miller, 307 U.S. 433, 59 S.Ct. 972, 83 L.Ed. 1385 (1939); Marbury v. Madison, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803); Armstrong v. United States, 233 F.Supp. 188 (S.D.Cal.1964), aff'd, 354 F.2d 648 (9th Cir. 1965), cert. denied, 384 U.S. 946, 86 S.Ct. 1472, 16 L.Ed.2d 543 (1966) (closing of a naval repair facility); Disabled American Veterans Dept. of N. Y., Inc. v. United States, 365 F.Supp. 1190 (E.D.N.Y.1973) (closing of a naval hospital).
 
 
 10
 The judgment of the District Court is affirmed.
 
 
 
 [1]
 Defendants are Donald Rumsfeld, the Secretary of Defense; Martin R. Hoffman, the Secretary of the Army; General Fred C. Weyand, Chief of Staff; the Department of Defense; and The United States Army
 
 
 [2]
 In their brief plaintiffs discuss only the First Amendment claim