Michael C. HAYES, Petitioner,

v.

SECRETARY OF THE ARMY, Clifford Alexander and the Commanding Officer of the 2nd Battalion, 37th Field Artillery, Fort Sill, Oklahoma.

Thomas JEFFERSON, Petitioner,

v.

SECRETARY OF THE ARMY, Clifford Alexander and the Commanding Officer of the 2nd Battalion, 37th Field Artillery, Fort Sill, Oklahoma.

Civ. A. Nos. 78–152 Erie, 78–153 Erie.

United States District Court,
W. D. Pennsylvania.

Feb. 21, 1979.

Orton, Nygaard & Dunlavey, North East, Pa., for petitioners.

Robert J. Cindrich, U. S. Atty., John Paul Garhart, Asst. U. S. Atty., Pittsburgh, Pa., for respondents.

OPINION

WEBER, Chief Judge.

Petitioners were members of an army reserve unit located in the Western District of Pennsylvania who were involuntarily placed on active duty in Fort Sill, Oklahoma, allegedly for failing to comply satisfactorily with their duties as reservists. While within this District on Christmas leave, the Petitioners filed with the Court Petitions for the Issuance of Writs of Habeas Corpus to determine the legality of their call to active duty. The Respondents, the Secretary of the Army and the Petitioners' commanding officer at Fort Sill, oppose the issuance of the Writ on jurisdictional grounds.

First, the Respondents attack the jurisdiction of this Court to grant the Writ on the grounds that the Petitioners are not in custody in the Western District of Pennsylvania. On the basis of the facts alleged in the Petitions, we do not believe this requirement is missing. The Petitions allege that the Petitioners were illegally and involuntarily re-classified in this District from reserve to active status as the result of their neglect of duties as reservists. The Petitioners contend that their involuntary re-classification increases the restraint on their personal liberty. The additional obligations of active duty inhibit their personal freedom and form the necessary increase in custody which the writ of habeas corpus was designed to protect, *Ahrens v. Clark*,

335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948). The Petitioners are not any less on active duty when they are home on Christmas leave than they are when they are in their barracks at Fort Sill, and thus are no less in custody when they are here than they are when at Fort Sill. Recognizing that mere presence within a District is not enough to support jurisdiction, *Schlanger v. Seamans*, 401 U.S. 487, 91 S.Ct. 995, 28 L.Ed.2d 251 (1971), we stress that the change in classification from reserve to active status occurred when the Petitioners were within the District on the basis of conduct which occurred here. It was in this District that the Petitioners were notified of their reclassification, and hence it was within this District that the increased restraints of active duty were first imposed. Accordingly, for the purpose of habeas corpus jurisdiction, we hold that the Petitioners are in custody in this District. See *United States v. Wheeler*, 321 F.Supp. 471 (E.D.Pa.1970); *Donigan v. Laird*, 308 F.Supp. 449 (D.Md.1969). If these Petitioners were not domiciled within this District at the time the Army changed their status and if their reclassification did not allegedly arise from conduct within this District, the Court might well have decided that they were not in custody here for purposes of habeas corpus solely because they were physically present here at the time their petitions were filed, see *Eisel v. Secretary of the Army*, 155 U.S.App.D.C. 366, 378, 477 F.2d 1251, 1263 (1973).

The Respondents rely on *Jarrett v. Resor*, 426 F.2d 213 (9th Cir. 1970), as authority for the proposition that the Petitioners were not in custody in this District when they filed their petitions. Jarrett was an army officer who sought relief for the denial of his request for discharge as a conscientious objector. Jarrett's request for discharge was made and denied in Fort Knox, Kentucky after he had completed jungle operations training at Fort Knox. He filed his habeas corpus petition while visiting his home in California on leave before departing for Vietnam. The Court held that Jarrett was not in custody in California because he had never been assigned to an army post there, 426 F.2d at 217. In this regard, *Jarrett* is critically different from the instant cases because the Petitioners in both were assigned to perform, and actually did perform, their reserve duty in the district in which they filed their petitions. Accordingly, we think that the reasoning of *Jarrett* compels us to hold that the Petitioners are in custody in this district.

Second, the Respondents contend that the Court lacks jurisdiction because the Petitioners' immediate custodian, their commanding officer at Fort Sill, is not located in this District. At the outset, we note that the Petitioners' immediate custodian at the time they were reclassified from reserve to active duty were the superiors of their former reserve unit who are located in this District, and it was the alleged displeasure of these superiors with the Petitioners' performance of their duties which allegedly resulted in their reclassifications. This consideration aside, beginning with *Strait v. Laird*, 406 U.S. 341, 92 S.Ct. 1693, 32 L.Ed.2d 141 (1971) and *Schlanger v. Seamans*, supra, the courts have displayed a sensitivity to other factors besides the location of the Petitioners' immediate custodian (which has great weight in cases involving prisoners) in determining the proper jurisdiction by habeas corpus actions brought by service men. In *Strait* an inactive Army reserve officer filed an application for discharge as a conscientious objector in California, where he was domiciled and where all of his contacts with the Army took place. The Court held that, for purposes of his habeas corpus petition, the California District Court had jurisdiction because Strait was domiciled in California and because his "only meaningful contact" with the Army took place there, 406 U.S. at 343, 92 S.Ct. 1693. Additionally, the Court in *Strait* interpreted its earlier opinion in *Schlanger v. Seamans*, supra, to indicate that a District Court in Arizona did not have jurisdiction to decide a habeas corpus petition filed there by a service man on temporary duty there from Moody AFB, Georgia because there was a "total lack of formal contacts between *Schlanger* and the military in that district," 406 U.S. at 344, 92 S.Ct. at 1695.

Just as Strait's contacts with the Army were confined to California, there can be no doubt that those of the Petitioners, prior to their re-classifications, were confined to this District. Both Petitioners are and have been residents of Erie, Pennsylvania, and both performed their military duty periodically with an army reserve unit located in this District. Moreover, the conduct which they allege gave rise to their reclassification took place in this District and no where else. Any contacts the Petitioners may have developed with Oklahoma are only attributable to their re-classification, which occurred here.

Finally, the Petitioners contest the propriety of their re-classification and such an inquiry will involve military records maintained by their former reserve units in this District and witnesses which reside here. To require the Army to transport records and witnesses pertinent to these Petitioners to Oklahoma from Pennsylvania would entail the same kind of "needless expense and inconvenience" that the Supreme Court sought to avoid in *Strait*, 406 F.2d at 345. See also *Eisel v. Secretary of the Army*, 477 F.2d at 1254.

### ORDER

AND NOW, this 21st day of February, 1979, IT IS ORDERED that the Respondents' Motion to Dismiss is DENIED, and that the Respondents shall show cause why the Court should not issue the Writs of Habeas Corpus and order the Petitioners to be brought before this Court for hearing.